MRS. R. J. COLEMAN v. FIRST NATIONAL BANK OF WAXAHACHIE.

Delivered October 27, 1897.

1. **Bank—Liability to Depositor.**
The denial by a bank of all liability for money deposited with it excuses the depositor from drawing a check as a condition of her right to withdraw the deposit, even if the bank would not ordinarily be liable until a check had been drawn.

2. **Pleading—Negativing Matter of Defense.**
A petition in an action by a married woman to recover money belonging to her separate estate deposited by her in the defendant bank need not negative the withdrawal of the money by her husband, as that is a matter of defense.

3. **Same—Sufficiency of Petition—Prayer for Relief.**
Improperly including a prayer for discovery does not affect the sufficiency of the petition in an action to recover money deposited with a bank, where there is a prayer for general relief. See the opinion for petition against a bank for balance of a deposit, held sufficiently certain, though not stating the exact amount.

4. **Wife's Separate Estate—Husband's Right of Possession of Wife's Money in Bank.**
The sole management of the separate property of the wife, conferred upon the husband by Revised Statutes, 1895, article 2067, authorizes him to check out the wife's money deposited by her in bank in her name; and the bank is protected in the payment of checks so drawn, although it knew that the money was the separate property of the wife, unless it participated in the purpose of the husband to convert the money to his own use, or knowingly received the benefits of his conversion of it.

5. **Same—Liability of Bank for Aiding in Husband's Conversion.**
That the officers and agents of a bank knew that the husband of a depositor was an unsafe man to intrust with money, and that he was accustomed to squander money, does not show such fraud and collusion in aiding the husband to convert his wife's estate as to deprive it of the right to charge the checks drawn by the husband against the deposit of the wife.

APPEAL from Ellis.   Tried below before Hon. J. E. DILLARD.

*Lancaster, Beall & Gammon* and *Seay & Seay,* for appellant.—1. Upon general deposit of a fund with a bank, the title to the money deposited passes to the bank and creates the relation of debtor and creditor, the bank became a debtor to the depositor to the amount of the fund deposited.   It must discharge its obligation, however, subject to the rules obtaining between principal and agent.

When moneys which are the separate estate of a married woman are deposited as such, in her name and to her sole account, and are so accepted by the bank and the account opened with her in her own name, the bank becomes a debtor to the married woman solely, and the debt itself thus created is her separate estate.   She is its sole principal, and it is her agent.   Newmark on Bank Dep., secs. 10, 11, 80, 103, 105, 108, 110, 117; Bank v. Ins. Co., L. Co.-Op. Ed., book 26, bottom p. 693; 11 Texas, 326; 53 Am. Rep., 153; Boone on Corp., secs. 219, 220; Stewart on Husband and Wife, sec. 128.

2. Power to manage and control property, separate estate of the wife, does not carry with it the power to convert it, or to make final disposition of it, or to pass title to it, or to deprive the true owner of it by the agent himself appropriating it to his own use and benefit.   The bank, knowing its debt to the plaintiff to be her separate estate, could not, by connivance with the husband, pay over said debt to the husband without her knowledge or authority and thus defeat the wife of an estate which is by law hers separately, and for her sole use and benefit.   Neither could it, without connivance, pay to the husband and thus defeat her of an estate which it knew was the separate estate and which the law sets apart for her sole use and benefit.   For this would be to place it in the power of her debtor, whether ignorantly or of purpose, to do that which the courts can not do; and which even upon express authority from the wife they refuse to do, until after careful scrutiny of the transaction they see that the wife is protected and her assent freely and voluntarily given.   Much less can a bank, debtor to the wife's separate estate, and her agent solely, pay such debt to a drinking, gambling, dissipated husband, with the knowledge of his reckless business habits, and then plead such payment as a satisfaction and discharge of its debt, which it owed alone to the wife, which it knew as a matter of fact was hers solely and separately, and which the law protects as being for her sole use and benefit.   If this could be done, the separate estate of the wife would be at the mercy of the debtor, scrupulous or unscrupulous, and of her profligate husband; the law could be set at naught, and she left powerless to protect her estate.   Stewart on Husband and Wife, sec. 85; 22 Am. and Eng. Encyc. of Law, 54, notes 3, 4; Id., 351, 352, and note; Gourdin v. Read, 8 Rich. (S. C.), 230; Mills v. Williams, 16 S. C., 593; Const. of Texas, art. 16, sec. 15; Rev. Stats., arts. 2967, et seq.; 8 Texas, 180; 51 Texas, 145; 56 Texas, 193; 57 Texas, 52; 68 Texas, 81.

*M. B. Templeton,* for appellees.—Under the law of this State the husband has the right to collect money the separate property of the wife, and he may even sue for it in his own name. A payment to him is a complete discharge, and this is true whether the wife have knowledge of the fact or not; and money deposited with a bank in the wife's name, her separate property, and known to be so by the bank officials, is no exception to the rule. A delivery of the fund by the bank to the husband or a payment by the bank to the husband, is a discharge of the obligation. Rev. State. 1895, art. 2967; Douglas v. Baker, 79 Texas, 499; Richardson v. Hutchins, 68 Texas, 89; Brown v. Brown, 61 Texas, 56; Howard v. North, 5 Texas, 299; Newmark on Bank Dep., p. 11.

BOOKHOUT, Associate Justice.—Appellant instituted this suit in the District Court of Ellis County, Texas, on August 27, 1895, against the First National Bank of Waxahachie and R. G. Phillips, to recover moneys alleged to have been deposited by her in said bank. The defendants filed exceptions to the petition, which were sustained by the court, and judgment was entered for defendants, from which plaintiff has appealed. The facts are fully stated in the opinion.

Stripped of its unnecessary verbiage and irrelevant allegations, the petition, after the formal allegations as to citizenship of the parties, the incorporation of the defendant bank, and that defendant Phillips was its cashier at the time of the happening of the things charged, alleged substantially, that on or about July 30, 1889, petitioner deposited with the defendant bank the sum of $4000 in her own name and to her sole credit, and the defendant so accepted it. That on or about the —— day of ————, 189—, she deposited the further sum of $800 in her own name and to her sole account and benefit, which defendant so accepted; that said money was her sole separate estate, and that same was subject to her personal check and order, and hers only. That plaintiff had given some small checks for which the bank is entitled to credit; that she can not state the dates nor the amounts of the said checks, but that defendants have a full record thereof; that a very large portion of the sum so deposited has never been checked out or otherwise withdrawn by her, nor by anyone else authorized by her; that there now remains due her between $4000 and $5000 of said deposits, for which said bank has never accounted to her.

She further alleged that defendant Phillips claims to have paid out certain sums on checks, which, although not signed by plaintiff, he claims that she is responsible for, and for which he claims that credit must be allowed as against said deposits. She denies that she is responsible for said checks, and says they were not executed by her, nor by anyone authorized by her; that she never received the proceeds of the same or any part thereof; that the bank is not entitled to credit for said checks; that defendants well knew the moneys deposited were her separate estate, and that payment made to any person other than herself or on her individual check would be illegal, invalid, and a conversion pro tanto of

her funds. She alleged a demand upon the bank, and its refusal to comply. She also alleged that Phillips is liable by reason of his negligence and breach of duty in payment of checks not drawn by her.

Plaintiff, as a further cause of action, alleged that she was the widow of J. W. Coleman, who died intestate in Ellis County, Texas, on or about September 23, 1893; that at his death he was indebted to her in the sum of $2500; and that as his widow she is entitled to his estate. That her husband was a depositor in the bank, and that the bank was indebted to him at the time of his death in a large sum, the exact amount of which she is unable to state, but largely more than $500, the same being community property of herself and said Coleman. That Phillips claims that all of said deposits have been accounted for; that plaintiff can not state the exact dates or amounts of such deposits, or whether any portion of same has been paid by the bank or Phillips since her husband's death; but she charges that no one has qualified as his administrator, and no one is authorized by law to receive the same, and that payments made by defendants were illegal and a conversion. Plaintiff alleges that a knowledge of the facts is in possession of defendants, and in order that plaintiff may be fully advised as to all the facts connected with said transactions, both as to her separate estate and the funds deposited by her said husband, and especially as to the liability of defendant Phillips, she asks that he be required to specially answer and state fully his connection therewith. She alleged a demand on defendants and their refusal to comply therewith. The prayer was for a discovery, and for a judgment for the amount found due her. There was also a prayer for general relief.

To this petition defendants filed a general demurrer, and special demurrers, (1) that plaintiff failed to state with certainty when, and how much money she deposited with defendant bank; (2) that plaintiff failed to show that she had drawn any check the payment of which had been refused; (3) that the petition shows she was a married woman prior to September 23, 1893, and does not allege that her husband did not on proper checks draw out all moneys deposited by her, nor does the petition show any facts which would deny the right of the husband to draw out money deposited in plaintiff's name.

Defendants answered by a general denial, and special pleadings not here necessary to set out. It did admit deposits in the name of plaintiff aggregating $5165.17.

Plaintiff filed a supplemental petition consisting of a general denial of the matter set out in the answer; and other special matters not here necessary to state. The exceptions to plaintiff's petition were sustained by the court, and plaintiff having failed to amend the cause was dismissed, to which action of the court plaintiff excepted, and has perfected her appeal to this court.

Was there error in sustaining the exceptions to plaintiff's petition? Counsel for appellee contend that this question should be determined by the allegations contained in the original petition, and that the peti-

tion can derive no aid from the averments contained in the supplemental petition.

If the original petition was sufficient when tested by the above exceptions, the judgment of the court below must be reversed. We have only set out what, in our opinion, were the material allegations of the petition. The petition contained all the formal averments of a bill of discovery in chancery, and contained a prayer for discovery. We have no such form of action in Texas. Love v. Keowne, 58 Texas, 191.

If the petition alleges sufficient matters to constitute the basis of a recovery, the unnecessary matters set out therein should be treated as surplusage. The petition does allege a deposit by the plaintiff of moneys in the defendant bank in her own name, the same being her separate estate, and not to be checked out by any other person—all of which was known to defendants—and which they so received on deposit. The petition alleges that she has only given some small checks, and that there is between $4000 and $5000 of said moneys still in the bank. It alleges that Phillips, the cashier, claims to have paid out certain sums on checks not signed by her, and for which she is not responsible; that said checks were not signed by her nor by any one authorized by her to sign the same; that she did not receive the proceeds thereof or any part of same; that defendants well knew that the moneys deposited were her separate estate; that payment of same to any person other than herself or on her individual check would be illegal, invalid, and a conversion pro tanto of her funds. She further alleged, that she could not give the exact dates or amounts of the deposits or of the checks drawn by her; that all the facts are in the possession of the defendants. She alleged that Phillips claimed that all the deposits have been accounted for, and denies that the bank owes her. She also alleged a demand and a refusal to pay.

These averments in the petition charged a conversion of plaintiff's property by the defendants, and were sufficient, tested by a general demurrer. The petition alleged her want of knowledge of the facts, and that all the matters were in the possession of defendants, and sufficiently excused the failure of plaintiff to state with certainty when she made each deposit, the amount and date of same. This disposes of the first special exception.

If it be admitted that the bank would not be liable until a check had been drawn against the funds by the proper person and its payment refused (a proposition which it is unnecessary for us to here decide) then this formality was excused by the facts pleaded. It is alleged that Phillips claims to have fully accounted for the funds, and that he had paid them out on checks drawn by another party, and that he denied the bank's liability for the same.

It would have served no useful purpose to have gone through this idle formality of drawing a check and having its payment refused. Besides, under the facts stated, it is shown that plaintiff did not know the amount in the bank after crediting the deposits with the checks drawn by her. We think the second special exception should have been overruled.

·We do not think the third special exception well taken.

If the defendants wished to defend upon the ground that plaintiff was a married woman when the moneys were deposited, and that the same were drawn out by her husband under circumstances that would relieve the bank from liability, it had a right to do so by proper pleadings.

The special prayer for relief is subject to criticism, but in addition to the prayer for specific relief there was a prayer for general relief, which would entitle plaintiff to such relief as the pleadings and evidence would entitle her to. Trammel v. Watson, 25 Texas Supp., 216; Silberberg v. Pearson, 75 Texas, 288; Garvin v. Hall, 83 Texas, 301.

We think the trial court erred in sustaining defendants' exceptions to plaintiff's petition, which will necessitate a reversal of the judgment.

It appears from defendants' answer and plaintiff's supplemental petition that the real issue in the case is as to the authority of the husband over the wife's separate estate. In view of the fact that this question has been raised by the pleadings in the brief of both parties, and of another trial, we deem it proper to lay down the principles governing this phase of the case.

It is made to appear by the pleadings that when plaintiff deposited her moneys in the bank she was a married woman, the wife of J. W. Coleman, and that the bank claims to have paid out the deposits on checks drawn by J. W. Coleman and signed by him, whether in his own name or the name of his wife is not shown, and whether payable to himself or other parties is not shown.

To entitle plaintiff to recover in a case of this kind, the pleadings must allege, and the proof show, a state of facts that would amount to a conversion by the bank; or collusion on the part of the bank, its officers and agents, with J. W. Coleman, husband of plaintiff, for the fraudulent purpose of enabling Coleman to convert her estate.

This is not a case where the wife is seeking to charge the estate of the deceased husband, or the community estate of herself and deceased husband, with a debt due her by her deceased husband, or to make them liable for her separate property converted by the husband. The pleadings show that plaintiff seeks to hold the defendant bank, a third party, liable for moneys deposited by the wife in her own name, the same being her own separate estate and known to be such by the officers of the bank, and which the bank paid out on checks executed by the husband. This raises the question as to how far the husband is authorized to deal with the wife's separate estate.

Is a husband authorized to check out moneys belonging to the wife, and deposited by her in bank in her own name, and known by the officers of the bank to be her own separate property?

The statutes of· Texas give the husband the sole manágement of the separate estate of the wife. Sayles' Civ. Stats., art. 2967. The husband is not authorized by this statute to convey title to the separate property of the wife. McKay v. Treadwell, 8 Texas, 176. Nor can the husband

convey title to the choses in action and securities belonging to the wife without her consent. Hamilton v. Brooks, 51 Texas, 145; Richardson v. Hutchins, 68 Texas, 89; Kempner v. Connor, 73 Texas, 198. So long as her separate property can be identified, she can recover it in the hands of third parties, although it may have been conveyed by the husband for value, and the party who received it from the husband was ignorant of the wife's title to it. Kempner v. Connor, supra. The husband has authority by virtue of the statute to collect the purchase money for the wife's separate estate. Douglas v. Baker, 79 Texas, 500. The authority conferred by the statute on the husband to have the sole management of the separate estate of the wife gives him the right to the possession of her property. Brown v. Brown, 61 Texas, 58; Richardson v. Hutchins, supra.

We think the authority to have the sole management of the separate estate of the wife authorizes the husband to check out the wife's money deposited by her in bank in her name. The bank would be protected in payment of checks properly drawn by the husband against a deposit in the wife's name, although it was known by its officers and agents that the money was the separate property of the wife. The husband, however, has no authority to convert the wife's separate estate, and if he did convert it and the bank participated in such conversion, or knowingly received the benefits of his conversion of it, it would be liable. Bank v. Jones, 18 Texas, 811.

Again, if there were collusion between the bank, its officers, or agents, and J. W. Coleman, plaintiff's husband, for the fraudulent purpose of enabling him to convert her estate, the bank would be liable. Rose v. Houston, 11 Texas, 325. It is alleged by plaintiff that her husband was a man of notoriously dissolute, reckless, and careless habits in regard to money; that he squandered all moneys that came into his hands in gambling and drinking and in many ways. That he was an unsafe man to entrust with money, and that all this was known to defendants. She further alleged as a conclusion, that the defendants clandestinely concealed the facts from her. It is not alleged that she ever made inquiry of the officers of the bank as to the state of her account, and that they misstated its true condition. She alleges that she was accessible to the bank, and assumes that it was the duty of the agents of the bank to hunt her up and keep her informed of the condition of her account. In this she was mistaken. The fact that the officers and agents of the bank knew the husband to be an unsafe man to entrust with money, and a man of dissolute habits, addicted to drinking and gambling, and that he squandered his money, should not of itself make the bank liable for the payment of checks drawn by him against his wife's moneys on deposit in her name. These facts are not sufficient to show fraud and collusion upon the part of the officers or agents of the bank with J. W. Coleman. They must have been guilty of some act in connection with her husband which amounted to a fraud as against her. The plaintiff's pleadings fail

to conform to the rules of pleading in this State. The judgment will be reversed and the cause remanded, and plaintiff is ordered to replead her cause of action in acordance with the rules.

Judgment reversed and cause remanded.

*Reversed and remanded.*

RAINEY, ASSOCIATE JUSTICE, did not sit in this case.