### BRITTON DAVIS v. TEXAS & PACIFIC RAILWAY COMPANY.

No. 635.—Decided February 28, 1898.

**1.   Carrier—Delay in Furnishing Cars—Statute.**

By Rev. Stats., arts. 4494, 4496, as soon as a reasonable time elapsed after cattle were offered for transportation it became the duty of a railway company to furnish sufficient accommodations for the transportation of same, and a breach of such duty rendered it liable for all damages sustained thereby.   (P. 509.)

**2.   Same—Reasonable Time—Question for Jury—Charge.**

What was a reasonable time, in the absence of an agreement, was a question of fact for the jury, and dependent upon circumstances, including all the incidents of the service; and it was error to charge that the carrier would be excused in law, if it was prevented from furnishing cars, etc., by then having an unusually large number of cattle shipments upon its road.   (Pp. 508 to 510.)

**3.   Assignment of Error—Charge—Verdict.**

The court can not refuse to consider an assignment of error in a charge which prevented plaintiff from recovering nominal damages and costs, because there was no proof of actual damages and no assignment attacking the verdict.   (P. 510.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County

*T. A. Falvey* and *Waters Davis*, for plaintiff in error.—The Court of Civil Appeals erred in overruling appellant's motion for a rehearing and in affirming this case upon the ground laid down in its order overruling the motion, to-wit:   That "as appellant did not attack the verdict in his motion for a new trial or in any assignment on appeal, he

could not now say that plaintiff should have had a verdict under the evidence." First—for the reason that plaintiff did attack the verdict in his motion for a new trial and in his brief on appeal. Second—for the reason that plaintiff does not attack the action of the jury in his motion for rehearing, but says that the verdict should and would have been for plaintiff under the evidence, had the court properly charged the jury, and, third—said reason standing alone, is not a sufficient ground for overruling said motion for rehearing, or for affirming this case.

The Court of Civil Appeals erred in holding that "appellant's assign-ment of errors would not be considered, as it mattered not what errors the trial court committed, there being no evidence upon which the jury could have found for plaintiff;" for the reason that, as a matter of fact, there was evidence upon which the jury could have found for plaintiff, as shown by appellant's motion for rehearing.

The Court of Civil Appeals erred in refusing to set aside its judgment and reverse this case for the reason that the trial court erred in charg-ing the jury that the evidence in this case did not support the express contract pleaded, and in holding that the express contract as pleaded was one whereby defendant had agreed to transport all of plaintiff's cattle from Fort Hancock on one day, and in refusing to allow the jury to pass upon the questions concerning said express contract: (1) For the reason that plaintiff's petition and defendant's answer pleaded a contract by which defendant had agreed and bound itself to have at Fort Hancock, Texas, sufficient number of cars and engines for the pur-pose of transporting said cattle, and to promptly receive and transport the same. (2) For the reason that the contract, as pleaded, was fully established by the evidence, and, (3) for the reason that it was proved the defendant had failed to perform said contract, to plaintiff's damage. Gaston v. Wright, 83 Texas, 285; Nesbit v. Walters, 38 Texas, 578.

The Court of Civil Appeals erred in refusing to set aside its judgment and reverse this case for the reason that the tenth paragraph of the trial court's charge, where the jury were instructed that if defendant was having an unusually large number of cattle shipments at El Paso and other points on its road during the time the shipment of plaintiff's cattle was in progress, which prevented it from providing more cars and en-gines than it did, this fact would excuse it, was an error, for the reason that said charge takes from the jury the question of defendant's negli-gence in not providing means for taking care of its press of business. Railway v. Levi, 59 Texas, 677. And for the reason that, though the proof showed that defendant was having an unusually large number of cattle shipments at the time the shipment of plaintiff's cattle was in progress, no evidence was offered to show that said business was so un-expected or so great that by ordinary prudence and diligence, defend-ant could not take care of such increased business and ship plaintiff's cattle promptly, wherefore the court should have charged the jury to disregard defendant's plea setting up such press of business as a de-fense. Willis v. Whitsitt, 67 Texas, 676.

*Edwards & Edwards*, for defendant in error.—There was no complaint that the verdict of the jury did not give at least nominal damages in the motion for new trial made by plaintiff in error, in the District Court. There was no assignment of error in the brief of plaintiff in error on his appeal to the Court of Civil Appeals. These are both absolutely necessary in order to authorize either the Court of Civil Appeals or the Supreme Court to reverse for an error of this character, and there being a total absence of any proof of pecuniary injury or loss, it does not appear that under the assignment of error made by appellant that any other verdict could have been rendered on the evidence. Rev. Stats., 1895, art. 1371; Rules, Ct. Civ. App., 29; Foster v. Smith, 1 Texas, 70; Clark v. Pearce, 80 Texas, 146; Degener v. O'Leary, 85 Texas, 171.

The appellant must show to the court not only that there were errors committed by the trial court, and that he took the proper steps to have same corrected in that court, but must further show, by the records as presented by him to the appellate court, that there would have been a different result, but for the errors. Rev. Stats., 1895, arts. 1018, 1371; Rule 29, Ct. Civil Appeals; Wilbur v. Kray, 11 S. W. Rep., 540; Parker v. Chancellor, 78 Texas, 524; Stonebraker v. Friar, 70 Texas, 202; Lecomte v. Toudouze, 82 Texas, 208; Bowles v. Pierce, 2 S. W. Rep., 733; Lockett v. Schurenberg, 60 Texas, 613.

If the special contract set out in the petition is not that appellee should receive and haul all of said 4500 head of cattle on the 4th day of November, 1895, then it does not set out any special contract at all and the cause of action set out is merely upon the liability of appellee under its general duty as a common carrier, and the charge of the court on the special contract did no injury to appellant. Rev. Stats., 1895, art. 321; 1 White & W. C. C., sec. 168; Elliott on Railroads, secs. 1547, 1466, 1551, 1479; Ayers v. Railway, 71 Wis., 372.

There was ample proof of unprecedented and unexpected cattle business at the time appellant tendered the cattle to appellee, and ample testimony that this press of business began before appellant's cattle were tendered, and continued during the whole time they were being loaded at Fort Hancock, and there is no evidence that the cattle were accepted by appellee before this unexpected press of business. Cross v. McFadden, 1 Texas Civ. App., 464; Railway v. Anderson, 3 Texas Civ. App., 8; Elliott on Railroads, sec. 1479.

Appellate court will not reverse a cause to enable appellant to recover nominal damages. Williams v. Brown, 41 N. W. Rep., 377; Harris v. Kerr, 35 N. W. Rep., 379; Watson v. Moeller, 18 N. W. Rep., 857; Stuart v. Trotter, 39 N. W. Rep., 212; Boardman v. Willard, 34 N. W. Rep., 487; McCauley v. McKeig, 21 Pac. Rep., 22; 2 Encycl. Plead. and Prac., 535.

DENMAN, ASSOCIATE JUSTICE.—Davis brought this suit against the Texas & Pacific Railway Company to recover damages for injuries to

cattle shipped from Fort Hancock to Colorado City, Texas. The petition alleged: (1) that defendant agreed to have at Fort Hancock a sufficient number of cars to promptly receive and transport plaintiff's cattle upon their arrival there; that plaintiff gave defendant notice of the time the cattle would arrive in ample time for it to have furnished such cars according to the agreement, and was assured by its agent that the cars would arrive by 12 o'clock November 4, 1895; that thereupon plaintiff at defendant's instance, placed in the pens as many cattle as they would hold and held the balance of the herd nearby awaiting the arrival of the cars; that no cars arrived until noon of the following day, and in the meantime plaintiff was compelled to hold said cattle in said pens and under herd without food or water, constantly expecting the arrival of the cars; that when plaintiff began to load, defendant did not furnish sufficient cars to promptly load all the cattle, whereby plaintiff was compelled to hold his herd in and around the pens several days waiting for cars, whereby the cattle were greatly injured, to plaintiff's damage $10,000; (2) that plaintiff tendered his said cattle to defendant for shipment as aforesaid, and defendant agreed and was bound as common carrier to promptly receive and carry same with reasonable care and promptly deliver same in as good condition as when received; that defendant failed to do so, but negligently failed to furnish transportation and carelessly handled the cattle on the route, so that they were greatly injured in the particulars pointed out in the petition, to plaintiff's damage in the aggregate $17,500.

Defendant answered by exceptions, general denial, and many special pleas, among which were pleas setting up the matters referred to in the charges hereinafter set out. It may be conceded that there was evidence tending to support such petition and pleas, as no question is here made upon that point.

The court charged the jury, in effect, that there was a variance between the allegations in said first count of the petition and the proof in regard to the contract for cars, and therefore declined to submit that phase of the case to the jury. Plaintiff complains of that action of the court, but, as the petition can be amended so as to avoid that difficulty on another trial, we do not deem it necessary to determine the question. The court thereupon submitted the case to the jury upon the second count in the petition, seeking to hold defendant liable for breach of its duties as common carrier, and the jury found for defendant, whereupon the court rendered judgment against plaintiff, that he take nothing and pay all costs. Plaintiff having appealed to the Court of Civil Appeals, and that court having affirmed the judgment of the trial court, he has brought the case to this court upon writ of error.

Error is assigned upon the giving by the court of the following charge: "If you believe from the evidence that, at the time the said cattle arrived at Fort Hancock and during the time the shipment of the cattle was in progress, the defendant was then having an unusually large number of cattle shipments from El Paso and other points upon

its road, and that by reason of that fact said defendant was prevented from providing more engines and cars for the shipment of these cattle than it did furnish, then you are instructed that such fact would excuse the defendant from providing more engines and cars than it did provide for the shipment of these cattle."

Our Revised Statutes provide:

"Art. 4494. Every such corporation shall start and run their cars for the transportation of passengers and property at regular times, to be fixed by public notice, and shall furnish sufficient accommodations for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting, and the junction of other railroads, and at sidings and stopping places established for receiving and discharging way passengers and freights, and shall take, transport and discharge such passengers and property at, from and to such places on the due payment of the tolls, freight or fare legally authorized therefor."

"Art. 4496. In case of the refusal by such corporation, or their agents so to take and transport any passenger or property, or to deliver the same, or either of them, at the regular appointed time, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby, with costs of suit, and in case of the transportation of property shall, in addition, pay to such party special damages at the rate of five per cent per month upon the value of the same at the time of shipment, for the negligent detention thereof beyond the time reasonably necessary for its transportation; provided, that in all suits against such corporation under this law the burden of proof shall be on such corporation to show that the delay was not negligent."

Under these provisions as soon as "a reasonable time" elapsed after the cattle were "offered for transportation" it became the duty of the defendant to "furnish sufficient accommodations for the transportation of" same and a breach of such duty rendered it liable to plaintiff for "all damages * * * sustained thereby with costs of suit."

If plaintiff established, (1) that the cattle were offered for transportation "within a reasonable time," (2) that he paid or satisfied the company for the freight, and (3) that defendant did not furnish "sufficient accommodations," he placed defendant in default and was entitled to damages and costs. What was a "reasonable time," in the absence of an agreement, was a question of fact for the jury and depended upon all the circumstances, such as the place and character of the shipment, the amount of freight being then offered and on hand for transportation at that and other points on the line, etc. Instead of leaving the question to the jury as to whether the time was reasonable as shown by all the circumstances, the court erred in the charge quoted by informing them that defendant would be excused in law if they found that defendant "was then having an unusually large number of cattle shipments from El Paso and other points upon its road" and that such fact prevented it from furnishing the cars. The same may be said of the

charge in regard to the engine.    In determining the question of the reasonableness of the time all the incidents of the service, such as the probable breaking of machinery, etc., are circumstances for the jury.

For the error in the charge quoted, the judgments of the trial court and the Court of Civil Appeals will be reversed and the cause remanded.

It is proper to note that the Court of Civil Appeals did not approve the charge, but declined to consider any of the assignments of error, upon the ground that the statement of facts contains no proof as to the amount of damages resulting to plaintiff from the injuries shown to have been inflicted upon his cattle and plaintiff did not in his assignments attack the verdict.    We are of opinion that these facts did not justify the refusal to consider the assignments.    If plaintiff established the facts above indicated, he was entitled to nominal damages and costs, and the erroneous charge depriving him of such a verdict was cause for reversal, though he may have made no proof showing that he was entitled to an additional amount as actual damages—he may have been content to waive the latter.    If the charge was erroneous and probably led to the verdict the proper practice is to assign error upon the charge, and we see no necessity of also attacking the verdict.

*Reversed and remanded.*