SIMPSON v. EARDLEY. †

(Court of Civil Appeals of Texas. San Antonio. April 19, 1911. Rehearing Denied May 17, 1911.)

BROKERS (§ 49*)—COMPENSATION—CONTRACT—OPTIONAL OFFERS.

Where defendants agreed to give plaintiff a commission for finding a purchaser for defendants' land within 20 days at $15 per acre, one-third cash and the balance on time notes, and he found a purchaser within the 20 days, who agreed to purchase upon those terms, and who put up $1,000 to bind the sale, but the purchaser could refuse to take the land and forfeit the

$1,000, it was not such a contract of sale as entitled plaintiff to commissions. It was a sale or an option, as the purchaser saw fit to treat it.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Action by J. N. Simpson against Albert Eardley. From a judgment for defendant, plaintiff appeals. Affirmed.

Hicks & Hicks, B. W. Teagarden, W. A. H. Miller, Bascom Bell, and Douglas Cater, for appellant. F. Vandervoort and N. A. Rector, for appellee.

JAMES, C. J. The amended petition of appellant alleged that on April 19, 1909, Eardley employed him to find a purchaser able, ready, and willing to buy the latter's land, about 4,000 acres; that it was agreed that plaintiff should have the exclusive agency for 20 days from said date to find such purchaser, and that defendant would not sell the land during that time, at $15 per acre, one-third in cash upon the delivery of the deed and the balance on time to suit the purchaser, to be evidenced by notes bearing 6 per cent. interest from date; that defendant agreed to execute to such purchaser a good title with warranty deed, and furnish an abstract of title with a reasonable time allowed for examination thereof, and that as compensation he agreed to give plaintiff all he could get over $15 per acre; that plaintiff within the 20 days found R. T. Bell and H. A. Robinson, who were ready, able, and willing to buy the land upon said terms; that on May 8th plaintiff, as agent, executed in defendant's name a written contract of sale of said land to said Bell and Robinson for $17.50 per acre upon the terms one-third cash and the balance in one, two, and three years at 6 per cent. interest, and that said Bell and Robinson paid plaintiff as earnest money $1,000 on the trade; that on same date plaintiff notified defendant of said facts, and tendered him the written contract of sale and the earnest money, and asked defendant for an abstract of the title, and defendant refused to carry out the sale or take the contract and earnest money, and denied plaintiff's right to find a purchaser for the land; that said Bell and Robinson were on May 8, 1909, and have ever since been, able, ready, and willing to buy the land upon the terms proposed by the defendant; that there were 4,528 acres of the land, and that plaintiff is entitled to $2.50 per acre for his services, being $11,320 for which he asked judgment. In the alternative he pleaded that, if defendant sold the land himself prior to May 8th, he violated his contract with plaintiff, to his damage in the sum of $11,320, which he alleged was the reasonable value of his services in procuring said purchaser, for which he asked judgment. Defendant pleaded a general denial, and in addition that he had contracted to sell the land to other parties before plaintiff informed him that he had a purchaser, and that he had informed plaintiff of this fact before said time, and thereby revoked said contract of employment.

A verdict was returned in accordance with the following instruction: "In this case you are instructed that the right of plaintiff to receive a commission upon making sale of defendant's land depended upon compliance by him with the terms of his employment, and that the written contract of sale made by plaintiff as defendant's agent with Robinson and Bell is not such as he was authorized by defendant to make, either as to the terms or time of payment. You are therefore directed to return your verdict for the defendant." The contract referred to in the charge was as follows: "The State of Texas, County of Bexar. This memorandum of agreement, by and between A. B. Eardley, party of the first part, of Dimmit county, Texas, and H. A. Robinson, of Bexar county, Texas, and R. T. Bell, of Limestone county, Texas, parties of the second part, witnesseth: That the party of the first part agrees to sell to said party of the second part all that certain tract or parcel of land lying and being situated in Dimmit county, Texas, known as the Eardley farm, containing 4,000 acres of land adjoining the Eagle Nest farm, said 4,000 acres being in one body, and bounded on the west by the Eagle Nest farm and the Richardson lands, and on the east by the Reyes 11-league grant, for the sum of $17.50 per acre, actual acreage, upon the terms of one-third cash upon the delivery of deed and the remaining two-thirds to be paid in one, two, and three years, and evidenced by the vendor's lien notes, bearing interest at 6 per cent. from date. Said parties of the second part agree to purchase the said property above mentioned at the above price per acre, and upon the above terms of payment, and to bind this contract of sale have paid to the party of the first part the sum of $1,000 as earnest money to bind this sale. The party of the first part agrees to furnish a complete abstract of title to all of the said lands, such abstract to show a good and sufficient title to the satisfaction of the attorney or attorneys of the parties of the second part, said parties of the second part to have 30 days after the delivery of the abstract in which to accept or reject the title to said lands. The deed by the party of the first part to contain the usual clauses of general warranty and to reserve the vendor's lien for the unpaid purchase money. It is agreed that, should said title be approved by the attorneys for the parties of the second part, and they fail or refuse to comply with the terms of this contract, then said sum of $1,000 earnest money shall be forfeited to the party of the first part and treated

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

as liquidated damages. It is further agreed and understood that, in case objection is made to the abstract, upon examination, such objections shall be pointed out to the party of the first part, who shall have 60 days in which to cure such defects, from the date of such objection. Upon failure of the party of the first part to correct such defects in the title examined, to the satisfaction of the attorneys of the parties of the second part, said sum of $1,000 shall be returned to the parties of the second part, and if title is approved the said $1,000 is to be applied to the purchase price of the land, and as a part of the cash payment. Witness our hands this the 8th day of May, A. D. 1909."

It will be seen that by said contract Bell and Robinson did not agree to become purchasers of the land; that is to say, they did not agree to buy the land, because they expressly reserved the right not to take the land, even if the title was found to be good, but instead could refuse to take it and let the $1,000 go to defendant as a forfeit or liquidated damages. Eardley could not, upon that contract, have enforced specific performance; consequently it was not a contract of sale, binding as such on Bell and Robinson in any view, but, at their election, it was a sale or an option according to how they saw fit to treat it. The case of Moss & Raley v. Wren, 102 Tex. 567, 120 S. W. 847, appears to us to be decisive of the question. Appellant seeks to differentiate this from the case just cited, in this: That "there is nothing in the contract [in this case] showing that the seller must accept such sum [the $1,000] in lieu of his right to specifically enforce the contract." It is clear that defendant, in case of an arbitrary refusal on the part of Bell and Robinson to take the land, was cut off from any right to insist on performance by them, and had to take the $1,000 or nothing.

It is also insisted by appellant that plaintiff's pleading and testimony were that he contracted to find a purchaser within 20 days, and not to make a sale within that time, and that he found a purchaser within that time willing and able to take the land on the terms authorized, thereby complying with his engagement. It may be that, if the title proved upon examination, to be good, these purchasers would have consummated the purchase; but the fact remains that they had the right by the terms of the contract plaintiff made with them not to do so. What plaintiff did, and what was entered into to be done by these purchasers, was what was embodied in the contract. Plaintiff did not find actual purchasers, but purchasers who reserved the right to not be purchasers if they saw fit to so elect. There was no testimony showing that defendant accepted or ratified the transaction that plaintiff made.

The judgment is affirmed.