### FISH et al. v. SADLER et al.

(Court of Civil Appeals of Texas. Amarillo. March 29, 1913. Rehearing Denied April 19, 1913.)

1. CHAMPERTY AND MAINTENANCE (§ 5*)—CONTRACT FOR SERVICES—"BARRATRY."

Where attorneys having notes in their possession for collection surrendered them to their client, and thereby surrendered their lien for services rendered, and accepted as consideration a sum admittedly an insufficient remuneration for the work and the release of the lien, and a contract that, if the notes were paid, they should receive $300 more, and, if not paid within 90 days, the notes should be returned to the attorneys for collection, and they should then receive a reasonable fee for their services, such contract was not in violation of Pen. Code 1911, art. 421, providing that, if an attorney shall seek employment in any suit at law or in equity to prosecute the same by means of personal solicitation or employment, he shall be guilty of barratry.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 1, p. 710.]

2. CHAMPERTY AND MAINTENANCE (§ 5*)—CONTRACT WITH ATTORNEYS—CONSTRUCTION.

The contract was merely one for the collection of the notes under certain conditions, and not a purchase by the attorneys of a lawsuit, nor was it against public policy or unprofessional.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. § 5.*]

3. ATTORNEY AND CLIENT (§ 148*)—CONTRACT—CONSTRUCTION—VALIDITY.

Attorneys having notes in their hands for collection returned them to their client on receiving $250, and a contract that they should be paid $300 more in case the notes were paid within 90 days, and, if not then paid, the notes should be returned to the attorneys for collection, and they should receive a reasonable fee.

*Held,* that the attorneys were entitled to recover under the contract if after 90 days the notes were not returned to them, whether they had been paid, the time of payment extended, or whether they had been transferred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 352, 353; Dec. Dig. § 148.*]

4. CONTRACTS (§ 337*)—PLEADING—BREACH—DAMAGES.

It is error to sustain a demurrer to an action for breach of contract because the measure of damages contended for by plaintiff is not the agreed one, since plaintiff is at least entitled to recover nominal damages on alleging a valid contract and its breach.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1682–1690; Dec. Dig. § 337.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by S. E. Fish and others against James F. Sadler, Jr., and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

J. H. Synnott, of Amarillo, for appellants. Cooper, Merrill & Lumpkin, of Amarillo, for appellees.

HALL, J. This is a suit by appellants to recover damages of appellees for the breach of a contract, and the appeal is from a judgment sustaining a general demurrer to the plaintiffs' original petition. Plaintiffs, Hall, Fredericks & Fish, a firm of lawyers, sued appellees for a breach of the following contract: "State of Texas, County of Potter. This agreement, made and entered into by and between the Sadler Mortgage Loan Co. of the county of Potter and state of Texas, party of the first part, and Hall, Fredericks & Fish, of the county of Potter, state of Texas, party of the second part, witnesseth: Party of the second part hereby agrées to accept the sum of $250.00 for services rendered in the collection of the Reed-Allen series of notes in consideration of the following agreement, to be faithfully kept by said party of the first part: First. In the event said notes are paid to said party of the first part, both principal and interest, within ninety days from the date thereof, then the said party of the first part to pay said party of the second part the further sum of $300.00 cash upon such payment. Second. In the event said notes are not paid within said ninety days, then the unpaid notes of said series are to be placed in the hands of said party of the second part for collection, said party of the second part to receive the reasonable fee for such services as will by law be allowed in the premises. Witness our hands at Amarillo, Texas, this the 12th day of May, A. D. 1910." This contract was signed by the parties to this action.

Plaintiffs' petition to which the general demurrer was sustained is very specific in its allegations, and it will not be necessary to set it out in full here. Briefly stated, the allegations are that plaintiffs were practic-

ing attorneys; that the defendants owned the stock of and were managers and officers of a private corporation called the Sadler Mortgage Loan Company, and that the corporation was the owner and holder of certain vendor's lien notes on certain lands, aggregating $26,000 principal, with interest at a rate and from a date stated, and that said notes contained a stipulation for 10 per cent. attorney's fees if they were placed in the hands of attorneys for collection; that about the 15th day of December, 1909, the corporation exercised an option granted in the notes, and declared all said notes due, and placed them in the hands of plaintiffs for collection; that plaintiffs filed suit thereon, service of process was had upon the makers of the notes, and prepared the case for trial; that plaintiffs attended court for the purpose of taking judgment when certain negotiations between appellees and the makers of the notes resulted in some sort of a compromise, by the terms of which a part payment was made and the suit dismissed; that thereafter a dispute arose between the defendants acting for the corporation and plaintiffs as to the fee plaintiffs should receive for their services, defendants offering $250 and plaintiffs claiming a great deal more; that on the 12th day of May, 1910, such dispute was compromised by plaintiffs and the corporation entering into the contract hereinbefore set out; that in consideration of such contract plaintiffs returned the notes to the corporation. It is further alleged that the notes were not paid within the 90 days; that the $26,000 was still due at the end of the 90 days; that plaintiffs had thereafter repeatedly demanded that the corporation turn over to them the notes, that they might collect them and earn the 10 per cent. stipulated as attorney's fees, which defendants refused to do. It was further alleged that the land upon which the notes were a lien was worth the amount of the notes; that the makers of the notes were solvent, and that 10 per cent. of the amount of said notes would have been allowed plaintiffs for their services; that since the occurence of these things the defendants, as officers and stockholders of the corporation, had duly and legally dissolved the same and divided the assets amongst themselves, each receiving $30,000 over and above the liabilities.

Appellces' brief submits a number of counter propositions which we summarize as follows: An agreement tending to encourage litigation is against public policy and unenforceable, even though no evil resulted thereby. The purchase of a lawsuit by an attorney should be condemned on principles of public policy. A contract to procure a claim for collection by a firm of attorneys is void, being against public policy. A contract made by and between two persons to injure or wrong a third person is against public policy and unenforceable. The agreement attempted to take away from the Mortgage Company the right to the notes owned and held by it, and to cause it to file suit on the notes whether it was to their best interest or not, or whether it was necessary. An agreement made between an attorney and client after the fiduciary relationship has commenced, whereby attorneys are to secure greater compensation than was first agreed upon, is valid and enforceable only to the extent of reasonable compensation, and when under the new agreement said attorneys performed no services they cannot recover. Before appellants could sue for a breach of the contract, they must show by their pleadings (a) that the Mortgage Company owned and held the notes after the expiration of the 90 days; (b) that the time of payment had not been extended by said Mortgage Company; (c) that it was to the best interest of the Mortgage Company to place the notes in appellants' hands for collection; and (d) that said notes have not been paid. An agreement made by an attorney is unenforceable when it encourages the bringing of any suit with the intent to distress defendant therein, or when the attorney seeks to obtain employment to prosecute a suit by a personal solicitation, or where the attorney seeks employment by giving to the person from whom the employment is sought anything of value.

[1] It is insisted by appellees that the contract in question is within the barratry statute (Revised Criminal Statutes of Texas, 1911 [Penal Code] art. 421 [290]), but we are not able to agree with this contention. The only clause of the statute which they insist is applicable to the fact of this case is as follows: "If any attorney at law shall seek * * * employment in any suit at law or in equity, to prosecute the same by means of personal solicitation of such employment, * * * shall be deemed guilty of barratry," etc. At the time this contract was executed, appellants had the notes in their possession, and an attorney's lien thereon, to secure them in the payment of reasonable compensation for their services. They released this lien by surrendering possession of the notes and accepted as consideration the contract and a sum which (as apparent from the contract and the transaction itself) was admitted by both parties thereto as insufficient remuneration for the work done, and the release of the lien, and the contract cannot be held as seeking by personal solicitation employment in any subsequent suit. It was certainly not an agreement tending to encourage litigation, and at most can be held to be only a contract fixing their rights in the event litigation with the makers of the notes should be necessary in the future. The contract does not provide for a suit at the expiration of the 90 days, but only that the notes shall be returned to appellants for collection.

[2] Appellees' insistence that the contract should be construed as the purchase of a

lawsuit by appellant is without merit. We have never understood it was against public policy or even unprofessional for an attorney to enter into a contract with the holder of claims for the collection thereof. We are not willing to so hold, and thus wipe out an honorable profession, and practically exterminate the legal fraternity. As a matter of fact, the collection of claims constitutes the principal part of a lawyer's business, and proper business methods demand that, in order to avoid misunderstandings with his client, an attorney should have a definite contract, fixing his compensation before he undertakes such collection.

Appellees' contention that a contract made by and between two persons to injure or wrong the third person is good law and good morals, but it has no application whatever to this case. The contract did not tend to deprive the corporation of the notes if they had been paid within the 90 days, but was intended to restore to appellant the possession thereof in the event of a failure on the part of the makers to pay and the services of an attorney became necessary to enforce collection. Nor does the contract provide for a greater compensation than was first agreed upon. The petition clearly shows that no agreement was made at the time the notes were first placed in the hands of appellants for collection as to what their compensation should be; and, in the absence of such agreement, only such compensation as was reasonable could be had by them. In our opinion it was not necessary for the petition to show that the Mortgage Company owned and held the notes after the expiration of the 90 days, nor that the time of payment had been extended, nor that it was to the best interest of the Mortgage Company to place the notes in appellants' hands.

[3] According to the clear terms of the contract, appellants would be entitled to recover after the 90 days if the notes had not been returned to them whether they had been paid, the time of payment extended, or whether they had been transferred to other parties. Either of these alternatives placing the performance of the contract beyond the power of appellees would constitute a breach.

[4] The measure of damages contended for by appellants was not in our opinion correct, but whether the measure of damages was properly alleged or not, the petition having set out a valid contract and the breach, entitled plaintiff to recover at least nominal damages, and was not therefore subject to general demurrer. Porter et al. v. Burkett et al., 65 Tex. 386; McFarland v. Owens, 63 S. W. 530;[1] Id., 64 S. W. 229; Davis v. Ry. Co., 91 Tex. Civ. App. 505, 44 S. W. 823.

To hold with appellees would be such a refinement of legal ethics as would in this case deprive appellants of substantial rights, and grant appellees immunity from the obligations of a written agreement, which in our opinion the petition shows is supported by a sufficient consideration.

Reversed and remanded.

---

[1] Reported in full in the Southwestern Reporter; reported as a memorandum decision without opinion in 94 Tex. 659.