## BLAIR v. BIRD et al.   (No. 835.)

Court of Civil Appeals of Texas.   Waco.
Sept. 19, 1929.

Appellant's Rehearing Denied and Appellee Bird's Rehearing Granted Oct. 24, 1929.

S. R. Allen, of Hamilton, and A. C. Johnston, of Hico, for appellant.

A. R. Eidson, of Hamilton, and Oxford & McMillan and E. W. Belcher, all of Stephenville, for appellees.

STANFORD, J. This suit was filed by appellant, S. E. Blair, against appellees for specific performance of a contract to convey land, or, in the alternative, damages for the breach of said contract. The trial court sustained a general demurrer to appellant's pleading, and, appellant refusing to amend, said cause was dismissed, to which action of the court, in sustaining said general demurrer and dismissing said cause, appellant, plaintiff below, has duly appealed, and presents the record upon one assignment, to wit: That the trial court erred in sustaining appellees' general demurrer to appellant's pleading.

The contract for the sale of the land involved was executed by Pete Rierson, by his agent, D. F. McCarty, as seller, and S. E. Blair, as purchaser. Said contract was attached to and made a part of appellant's pleading, and was in the usual form of contracts for the sale and purchase of real estate, the part material here being as follows: "3. Said Rierson acknowledges the receipt of the sum of $500.00 as a part payment of the above consideration, which is to be placed with W. M. Cheney, vice president of the Hico National Bank; and said agent of Rierson is also placing with said Cheney the sum of $500.00; and said Cheney and his successors in office are hereby instructed that in the event this deal is finally consummated, said sum so paid by said Blair is to be retained by the said Rierson as part of the aforesaid consideration; but in the event the said Rierson should fail to comply with his part of this contract, the sum deposited by him shall be delivered to the said Blair, and the said sum so paid by the said Blair shall be returned to the said Blair; but in event said Blair refuses to carry out his part of the contract hereunder, the said sum paid by him shall be retained by the said Rierson, and the sum deposited by Rierson shall be returned to him; and said escrow party is so instructed."

Appellant alleged that the $500 put up by the agent of the seller was in the form of the agent's check, and that the payment of said

check was afterwards stopped by said Rierson, in person or through his said agent, thus placing it beyond the power of appellant to secure possession of said money if he should so elect; that he went to great expense to perform his part of said contract, paid the $500 as part payment, and has held the balance of the consideration ready at great expense; that he caused a deed, in accordance with said contract, to be drawn up and presented to the said Rierson, who refused to perform his part of said contract; that plaintiff was always ready, able, and willing to perform his part of the contract; that appellee Rierson deeded said land to appellee V. H. Bird, but that Bird took said deed with full notice of appellant Blair's rights in same. Appellant sued for specific performance; and in the alternative, for damages, the measure of which was alleged to be loss of rents, and the difference between the market value of said land and the contract price at the time of the breach of said contract, and, in addition to the prayer for said special relief, prayed for general relief.

Appellees Rierson and Bird interposed a general demurrer, special exceptions, and answered, in effect by a general denial, and that by the terms of the contract the sum of $500 was made the measure of damages for the breach of said contract, so appellant was not entitled to specific performance, nor to damages in the difference between the market value and the contract price of said land.

■■ As above stated, the trial court sustained the general demurrer, and the only question involved is whether the court was in error in so doing. Appellees contend the contract having been made a part of appellant's pleading, and said contract showing upon its face that appellant was not entitled to specific performance, and not entitled to recover damages, other than the $500 specified in the contract, and there being no pleading authorizing the recovery of said $500, the general demurrer was properly sustained. By reference to paragraph 3 of the contract between Rierson, the seller, and Blair, the purchaser, it will be observed that each party placed $500 with W. M. Cheney, vice president of the Hico National Bank, and said Cheney and his successors in office are instructed that, in the event the said Rierson should fail to comply with his part of said contract, the sum deposited by him (Rierson) shall be delivered to the said Blair, and the said sum so deposited by the said Blair shall be returned to the said Blair; but, in event the said Blair refuses to carry out his part of said contract, then the said sum deposited by him (Blair) shall be paid to said Rierson and the sum deposited by Rierson shall be returned to him, "and said escrow party (Cheney) is so instructed." The language of this section of the contract is clear and explicit. There is no room for controversy as to the meaning of the language used. The contract upon its face shows that it was a contract for the sale and purchase of land, but it prescribes with equal clearness what the escrow agent shall do in case either party fails or refuses to carry out his part of said contract. This provision was a part of the contract, and was as binding on the parties thereto as any other provision in said contract. It was legal; the parties had the right to incorporate it in their contract. It was not inconsistent with the other provisions of said contract. The parties evidently had a purpose in inserting this provision. Appellant suggests this provision (as to Rierson was inserted as a guaranty that Rierson would be "able" to carry out the contract, but to so hold would, we think, amount to changing the contract made by the parties, which this court has no right to do. Said provision, we think, was reasonable and equitable. The land, the subject of the contract, was 132 acres at $32.50 per acre. The consideration to be paid was $4,290. We think the reasonable and most logical conclusion is that the parties anticipated that one or the other might fail or refuse to comply with his part of said contract to convey or purchase, and provided, if he did, the sum of $500, a little more than 10 per cent. of the consideration agreed to be paid, should be paid to the party not in default, to cover any damages sustained by such nondefaulting party. There is no reference in the contract to the $500 deposited by each, as a forfeit or a penalty, or as having been made as an evidence of good faith; but the contract expressly and explicitly directs the escrow agent to pay the $500 deposited by the party failing or refusing to carry out said contract to the one not so failing. The appellant Blair, by the execution of the contract, authorized and directed Cheney, vice president of the bank, to pay to himself (Blair) Rierson's $500 in case he (Rierson) failed to carry out his part of said contract; and this being true, he (Blair) thereby, at least impliedly, agreed and obligated himself that he would accept it.

■ In an ordinary contract for the sale of land, the party offering to comply with the same may either have the contract specifically enforced, or have his damages for the breach thereof. If he should elect to sue for damages, he would thereby waive his right to specific performance. This right he may waive in advance by contracting to receive a fixed amount as compensation for the damages he may suffer by reason of the breach of the contract. Having bound himself to so accept such sum, he cannot ignore this part of the contract and enforce specific performance. Upon the breach of the contract to convey by Rierson, his obligation to pay the $500 became absolute, and his refusal to pay did not change the legal obligations of the parties. This obligation resulted from

the contractual rights of the parties. Middleton v. Moore (Tex. Civ. App.) 289 S. W. 1045; Huffhines v. Bourland (Tex. Com. App.) 280 S. W. 561; Simpson v. Eardley (Tex. Civ. App.) 137 S. W. 378 (writ refused); Carter v. Smith et al. (Tex. Civ. App.) 184 S. W. 244 (writ refused). Under the contract, we think, appellee had the right to elect to perform or pay the $500 stipulated, and, this being true, said contract will not support the equitable proceeding of specific performance, and appellant's pleading failed to state a cause of action for such relief.

For the same reasons as above stated, appellant failed to state a cause of action authorizing him to recover as damages the difference between the market value and the contract price of the land, loss of rents, etc., but is confined to his action to recover the $500 liquidated damages as provided by the contract.

■ But appellant contends, in effect, that his pleading was sufficient, as against a general demurrer, to entitle him to recover the $500 specified in the contract in any event, and so the court erred in sustaining the demurrer. The record shows, as above stated, that appellant pleaded the contract fully, attaching said contract and making same a part of his pleading. He alleged further that he was ready, able, and willing at all times to perform his part of said contract, and that he caused a deed to be prepared, to be executed by appellee Rierson, conveying the land involved from the said Rierson to himself, and tendered same to Rierson for execution, but the said Rierson refused to perform his contract, etc. In other words, appellant pleaded all the facts necessary to be pleaded to entitle him to recover the $500 specified in the contract, and in addition to his prayer for special relief, as above stated, prayed for general relief. The rule is well settled in this state that, although a plaintiff, in his prayer for special relief, mistakenly asks for unauthorized relief, still he may, under his prayer for general relief, be awarded such relief as his pleadings and evidence entitle him. Silberberg v. Pearson, 75 Tex. 287, 12 S. W. 850; Garvin v. Hall, 83 Tex. 295, 18 S. W. 731, 733; Williams v. Chambers, Roy & Co. (Tex. Civ. App.) 26 S. W. 270, 273; Coleman v. First Nat. Bank, 17 Tex. Civ. App. 132, 43 S. W. 938, 940. It is also true, where a plaintiff's petition set out a valid contract and the breach thereof, plaintiff is entitled to, at least, nominal damages, and such petition is not therefore subject to general demurrer. Porter et al. v. Burkett et al., 65 Tex. 386; McFarland v. Owens (Tex. Civ. App.) 64 S. W. 229; Davis v. Railway Co., 91 Tex. 505, 44 S. W. 822, 823; Fish et al. v. Sadler et al. (Tex. Civ. App.) 155 S. W. 1185. It is further true that a defect in plaintiff's pleading may be cured by the allegations of defendant's answer, and, in passing upon a general demurrer to the sufficiency of plaintiff's pleading, the trial court should consider in connection therewith defendant's answer. Wilson v. Duncan (Tex. Civ. App.) 269 S. W. 239, and cases cited. In this case appellee Rierson, in substance, pleaded fully the contract of sale, and that the $500 specified therein was the measure of appellant's recovery. The court erred in sustaining appellees' general demurrer, for which reason the judgment of the trial court is reversed and the cause remanded.

### Appellee Bird's Motion for Rehearing.

■ As stated in the original opinion, appellant S. E. Blair and appellee P. Rierson entered into a written contract, by the terms of which Rierson, for a stated consideration, agreed to sell to Blair, and Blair agreed to purchase, a certain tract of land, each party depositing in escrow $500, which, said contract provided, in case either party breached said contract, the $500 deposited by said defaulting party should be paid to the nondefaulting party. After the execution of said contract, appellee Rierson conveyed said land to appellee V. H. Bird. Appellant Blair brought this suit against P. Rierson and V. H. Bird for specific performance, attaching to his petition and making a part thereof said contract, and pleaded in the alternative, in case he was not entitled to specific performance, for damages for the difference between the market value of said land at the time the contract was made and the contract price. Separate general demurrers by both Rierson and Bird were sustained by the trial court, and, appellant refusing to amend, the cause was dismissed, from which order Blair appealed, alleging error in the action of the court in sustaining said demurrers. This court held, in effect, that appellant Blair was not entitled to specific performance, nor was he entitled to damages in the difference between the market value and contract price of said land, but the measure of his damages was the $500 specified in the contract, and, as appellant's pleadings were sufficient to authorize him to recover of Rierson said $500, the court was in error in sustaining the demurrer, and reversed and remanded the entire case. We think in this we were in error. Bird was not a party to the land contract, and in no way liable for the $500. He was made a party only upon the assumption appellant Blair was entitled to specific performance, and, having held he was not so entitled, he stated no cause of action against appellee Bird, and the trial court was correct in sustaining appellee Bird's general demurrer.

The motion of appellant is overruled. The motion of appellee Bird is granted, and our former holding reformed to the extent of affirming the judgment of the trial court as to V. H. Bird.