## GREAT SOUTHERN LIFE INS. CO. v. WILLIAMS et al.
### No. 4330.

Court of Civil Appeals of Texas. Amarillo.
Dec. 17, 1934.

Rehearing Denied Jan. 21, 1935.

Fred R. Switzer and Vinson, Elkins, Sweeton & Weems, all of Houston, and C. C. Small, of Amarillo, for appellant.

Otis Trulove, of Amarillo, for appellees.

MARTIN, Justice.

Appellees sued appellant in the district court of Moore county. They denominate their action as one to cancel deeds of trust and remove cloud from the title to lands in Moore county created by virtue of the record of such trust deeds in said county in the deed of trust records thereof.

■ They allege in substance the ownership of lands lying partly in Moore county;

the obtaining of a loan on these from appellant, evidenced by certain notes and secured by trust deeds; the record of such trust deeds in the office of the county clerk of Moore county; facts which prima facie show such loan to be usurious; the payment of usurious interest and the amount thereof; the balance remaining of the principal after the application of such payments to its discharge, and allege a prior tender of such balance before suit, and renew such tender of payment in the pleadings. Their prayer is: "Plaintiffs pray for judgment adjudicating the amount owing by plaintiffs on said $40,000.00 principal note to be the sum of $8,319.48, as hereinabove alleged, or whatever sum there may be remaining unpaid on said principal note, after deducting all illegal interest paid by plaintiffs to the defendant on account of said loans, together with all principal sums paid thereon; that upon payment of such balance, or tender of payment thereof to the defendant, plaintiffs have judgment cancelling said deed of trust liens given to secure said note, and for removal of the cloud upon plaintiffs' title to the above described lands, created and existing by virtue of the record of said deeds of trust on the deed of trust records for Moore and Hutchinson counties, Texas, and plaintiffs further pray for all relief to which they may show themselves entitled under the law and the facts, whether general or special, legal or equitable."

To this suit appellant filed its plea of privilege to be sued in Harris county, admittedly its residence. A controverting affidavit was timely filed by appellees, the sufficiency of which has not been questioned here, claiming venue in Moore county by virtue of subdivision 14 of article 1995, R. S. 1925.

Upon a hearing the trial court overruled appellant's plea of privilege, and this ruling furnishes the basis for the only legal issue on this appeal.

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie." Article 1995, R. S. 1925.

Article 5071, R. S., furnishes the basis for appellees' suit, and is as follows: "The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

In disposing of the question presented, we assume, without deciding, that the said loan was usurious. Both parties apparently present the case here upon that theory.

Upon this assumed hypothesis, the provision in the said recorded trust deeds for interest was void, by the express terms of the quoted statute. If void, it was nonexistent and could not be made the basis for a lien. Apparently valid, it was in fact invalid and therefore constituted a cloud upon the title. 2 Words and Phrases, Third Series, page 120. The moment appellant placed upon record the trust deeds in question, it incumbered the lands of appellees with a lien to the extent of the interest therein provided for, which had in reality no existence. The district court of Moore county, therefore, under subdivision 14, supra, had venue of a suit to cancel at least this portion of the purported lien. Fidelity Union Fire Ins. Co. et al. v. Bank (Tex. Civ. App.) 18 S.W.(2d) 800; Pioneer Savings & Loan Co. v. Peck, 20 Tex. Civ. App. 111, 49 S. W. 160; Liles v. McDonald (Tex. Civ. App.) 63 S.W.(2d) 886. It will be noted that the quoted prayer from appellees' petition did not ask for this specific relief. There was a prayer for general relief. The allegations of appellees' petition entitle them, if established by evidence, to a partial cancellation of said lien, and these, coupled with their prayer for general relief, meet the requirements of the law. A case believed to be exactly in point is Morrissey v. Jones (Tex. Civ. App.) 24 S.W.(2d) 1101, 1102. From it we quote: "As said in Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 276, 47 Am. St. Rep. 107: 'The facts upon which the right arises are alleged in the answer, and there is a prayer for general relief, which was sufficient to entitle Cheeves to whatever the law would accord him upon the alleged facts.' To the same effect are Zadick v. Schafer, 77 Tex. 501, 14 S. W. 153; Silberberg v. Pearson, 75 Tex. 287, 12 S. W. 850; Garvin v. Hall, 83 Tex. 295, 18 S. W. 731; Coleman v. Bank, 17 Tex. Civ. App. 132, 43 S. W. 938, affirmed in 94 Tex. 605, 63 S. W. 867, 86 Am. St. Rep. 871."

■ The appellees may have mistakenly assumed a right to cancel the lien for both the principal and interest upon tender of payment

of the balance owing after crediting all payments of usurious interest to such principal, without affecting the disposition of the question at issue. It is not necessary to decide the last question. If the court really had venue, and such appears affirmatively from the record, a wrong reason entertained either by the trial court or appellees would not make the judgment an erroneous one.

The case of Fernandez et al. v. Shacklett et al. (Tex. Civ. App.) 1 S.W.(2d) 675, mainly relied on by appellant, is, we think, plainly distinguishable from the present case. The case just cited was an "action of debt" brought under article 5073 for double the amount of interest paid as a penalty. The amount of recovery was sought to be offset against the debtors' obligation. The cancellation of the lien, as therein pointed out, was only an incident of the real cause of action.

■ Having venue, the district court's jurisdiction will draw to itself for disposition all questions which may be and are properly joined in appellees' suit. This will include the contention of the right to cancel the principal debt above mentioned.

The judgment is affirmed.