Lipscomb, J.
pleas of the appellant in the court below, and ruled out oii clew urrer, we propose to consider but three of them. Tue appellant pleaded that the note sued on was given in part consideration for certain land o~vnecl by Sarah Kelsey, as one of the heiis of the original patentee o~ the land; that she had conveyed it to 0. K. Winn ; that the plaintiff, as attorney in fact of Winn, had conveyed it to the defendant; that, at the date of the conveyance, the said Sarah was not of age; that she had subsequently, after shecanje of age, by her will, devised it, the said land, to her husband, A. W. Kelsey, and thereby expressed her dissent to the conveyance to Winn ; that the will was set aSide and annulled by the Probate Court, and the title [&~Oh decreed to he hi the sistbr as of the said Sarah, &c. Now, the will may have been invalid as to he devise, and yet would be good as a disclaimer of the deed wade during her minority, and evidence of a repudiation of such deed. We do not decide that it had that effect; nor could we do so, unless it had been set out in the plea; but these suggestions ate thrown out as worthy of consideration should the question be again presented by a more perfect plea. - The Jefeudant pleaded that at the time
that the plaintiff executed the con- ~eyauce to him, as the agent and a~torney of Wino, Wiun was dead, and con- sequently his authority to act had ceased to be valid. The object of this plea was to show the entire failure of the consideration of the note, and to bar a recovery upon it, and not arnere abatement of the suit; and no principle of law is better settled thaii that the authority of an agent to act ceases to exist by the death of his constituent. (Story on Contracts, 1 ed., sec. 34g.) The demurrer admits the truth of tins plea; and we believe that the court erred in sustaining it, and ruling the defense to be bad, because it could not bind the heirs of Winn, and consequciitly ought not to bind the other party to the con- tract. It w'as not merely voidable, but it was void. Again, the defendant pleaded in rceonveiition, the money
dwawthat he had paid upon the purchase of the land, prayed judgment for the same, and that the land should bd decreed subject to the satisfaction of the amount so paid. The last part of the plea, 1. e., the last prayer in it, was unquestionably bad, be- cause, from his own showing, the land was not subject to such decree~i but this might have been stridden out, and the plea would remain good. The suit~ it must be recollected, is in the name of the very person who, without any authority, had made the contract of sale of the land ~tnd received the note. Under such a state of facts, we can perceive no valid objection to the plea, and 200 no valid objection to the plea and *201 that it ought to hare been sustained. Again, the defendant avers that the plaintiff liad practiced a fraud upon him by misrepresenting himself to be the authorized agent of IVinn, aud able to make a good and valid title tO' him to (lie land so conveyed, when lie knew that the land did not belong to O. K. Winn, but to the heirs of Sarah Kelsey, or those claiming under them. The demurrer admits this to be true,- and if so, the fraud certainly tainted and annulled the contract. The court below therefore erred in sustaining the demurrer. For tho errors wo have noticed, the judgment is reversed and the cause remanded.
Note 05. — Brook v. Southwick, 10 T., 05; Claiborne v. Yoeman, 15 T., 44, Fortson v. Caldwell, 17 T., C27; Coopor v. Singleton, 19 T., 200; Woodward v. Rogers, 20 T., 170; Taul v. Bradford, 20* T., 201; JEnrfc r. McReynolds, 20 T., 595; ITnrt v. Blackburn, 20 T., 001; Smith v. Nolen, 21 T\> 490; Littloiiold v. Tinsley, 22 T., 259; Luokio v. McGlasson, 22 T., 282; Herron y. He Bard, 24 T., 181; Littlefield v. Tinsley, 20 T., 858; Johnson v. Long, 27 T.,21; Biayv. Taylor, 27 T., 125;. Baldndgo i\ Cook, 27 T., 505; Lemmon v. Hanley, 28 T., 2L9; Demaret v. Bennet, 29 T., 202; O’Connell r. Duke, 29 T., 299; Tooke v. Bonds, 29 T., 419; Garrison v. King, 35 T., 183; Keep v*. Simpson, 38 T., 203; Price v. Blount, 41 T., 472.
Reversed and remanded.