## J. JOHNSTON v. W. POWELL.

1. P. brought suit against J., alleging that the latter had by fraudulent representations induced the plaintiff to purchase from him a certain tract of land, of which he falsely pretended to be the owner ; that in part payment, plaintiff had transferred certain personal property to the defendant, and had given him his promissory note for the balance of the purchase money ; that defendant had conveyed the land to plaintiff with general warranty of the title, but that the defendant was wholly insolvent and his warranty worthless ; that the land was the property of other persons, whose title, when it should be asserted, plaintiff could not resist, and he had reason to fear that the defendant would dispose of the personal property and assign the note, so as to subject the plaintiff to loss, etc.; wherefore plaintiff prayed cancellation of the contract, sequestration and recovery of the personal property, and injunction against transfer of the note. *Held*, that the petition alleged a good cause of action, and sought appropriate relief; and that, as this was an equitable proceeding, founded on fraud and failure of consideration, and was not an action for breach of the warranty of title, the fact that there had been no eviction was immaterial. (Cooper v. Singleton, 19 Texas, 260, and Woodward v. Rodgers, 20 Texas, 176, cited by the court.)

2. *Quære*—Whether a covenant of general warranty necessarily implies a covenant of seizin in the grantor ?

ERROR from Robertson. Tried below before the Hon. John Gregg.

This suit was instituted in 1857, and was tried and determined by the district court at the fall term, 1859.

The character of the suit and the facts of the case are sufficiently stated in the opinion of the court.

*Brettell & Hamman*, for the plaintiff in error, filed an elaborate and learned argument, citing and reviewing a great number of authorities, to show that the suit could not be maintained in the absence of eviction, or of something tantamount thereto.

*Aycock & Stewart,* for the defendant in error.

WALKER, J.—The plaintiff in error conveyed by deed, with general warranty, to the defendant in error, 553⅓ acres of land, situated in Falls county, it being a part of the headright league granted to William Peterson. The record shows that Johnston derived his title by quit claim deed from Mrs. Peterson, after the death of her husband. That Peterson, in his lifetime, deeded the south half of the league to one Montgomery, including the land in question. That Johnston had also conveyed all the interest derived by his deed from Mrs. Peterson to one John A. Fortune, prior to his conveyance to Powell; so that when he made his deed to Powell, he, in reality, had no title or interest in the land, even if he acquired any by the deed from Mrs. Peterson. Besides this, the land was shown to be included in a Spanish grant to one Juan Jose Acosta, of a prior date to the grant to Peterson. Powell paid to Johnston for the land a negro female slave and her child, a claim for a bounty warrant, and gave his note for about sixteen hundred dollars.

The utter insolvency of Johnston was alleged in the petition, and proven upon the trial. The jury found a verdict in favor of Powell, and the court rendered a judgment in his favor, decreeing that the deed from Johnston to Powell be set aside, vacated and annulled; that Johnston deliver up the note to Powell, and also the transfer of the bounty claim; and that Powell recover the possession of the negro slaves, or, in default thereof, judgment for their value and hire, as found by the jury.

The question whether a covenant of general warranty necessarily implies a covenant of seizin in the grantor, is not a necessary question to be decided in this case, and as it has been strongly controverted, we will not here announce an opinion upon it.

This was not an action to recover for the breach of covenant; it was an equitable proceeding to set aside a contract on the ground of fraud and failure of consideration.

The petition sets up a good cause of action. It avers the utter failure of the consideration, the insolvency of Johnston, the grantor, fraud in the execution of the contract, and the *bona fide* payment of the consideration by the plaintiff. The reasons *quia timet*, given by the plaintiff, are sufficient, under the rulings in Cooper v. Singleton, 19 Texas, 260, and Woodward v. Rogers, 20 Texas, 178, to entitle him to the form of relief he seeks.

The rulings of the district court are substantially correct, and we believe that equity has been done.

The judgment of the district court is therefore affirmed.

Affirmed.