## T. W. HOUSE v. W. E. KENDALL.

(Case No. 1208 )

1. VENDOR AND VENDEE.— Where there is a total failure of title in the vendors, the vendee may, if the contract be executory and unfulfilled, refuse to perform it and reclaim any portion of the purchase money which he may have advanced. The same rule applies in an action against a co-executor, who, acting alone, has agreed to convey land to which the estate had no title, and who has received a portion of the purchase money; the will requesting the executors to act jointly in the settlement of the estate.

2. SAME — PLEADING.— The fact that a co-executor, in such case, executed the contract to convey in the qualified character of co-executor, does not relieve him from the personal obligation to refund money obtained without consideration; nor would his special plea under oath denying that the contract to convey bound him individually, require of the plaintiff a replication in order to admit evidence of the issue involved, when the petition alleged the facts on which the liability was claimed.

APPEAL from Fort Bend.   Tried below before the Hon. Wm. H. Burkhart.

Suit by T. W. House, in the district court of Fort Bend county, brought on the 28th day of May, 1878, against W. E. Kendall, upon a written contract made on the 1st day of June, 1876, by appellee, with one W. Winfrey, and signed W. E. Kendall, co-executor of the estate of C. H. Kendall, by which appellee sold to Winfrey, and promised to convey, a labor of land in Fort Bend county for $2 per acre, to be paid, one-half by the 1st of January, 1877, and the remainder during the year 1877, Winfrey making a cash payment of $82.25.   The contract was intended, and so declared by appellant, to be a title bond, and that appellee would make a deed upon payment of the purchase money.

The petition alleged that Winfrey made further payments to appellee, viz., January 1, 1877, $177.; December 5, $28; and January 28, 1878, $45.96; that in due course of trade, and for the consideration of $1,000, Winfrey, on the 11th day of March, 1878, transferred and delivered said bond or written contract to appellant, and that afterwards, and before the filing of this suit, he tendered to appellee the balance of the purchase money due on the contract and demanded a deed, which was refused.

Appellant sued in the lower court for specific performance on the part of appellee of the contract, or in default thereof, for judgment against appellee for the several payments made by Winfrey, with interest from dates of payment, and for damages for the improvements made on the land.

On the 30th of December, 1878, the defendant, in the lower court, filed a demurrer and general denial.

April 30, 1879, defendant amended and answered by demurrer, general denial and a sworn plea to the effect that the contract was signed and meant as that of co-executor and not individually.

Jury waived, and cause submitted to the court on the 30th of April, 1879, and judgment for the debt.

The instrument executed, on which the suit was based, was as follows:

" Articles of agreement between W. E. Kendall and W. Winfrey. Kendall agrees to sell said Winfrey the Perry labor, 177 acres, for $2 per acre, one-half to be paid by the 1st of January, 1877, and the remainder during the year 1877; he now paying $82.25, and is to pay the remainder of the $127 between now and the first day of January next. This agreement is to be considered as a title bond to said labor, a deed to which is to be made as soon as the last payment is made.

" In testimony whereof, I have hereto set my hand this first day of June, A. D. 1876.

 (Signed)        " W. E. KENDALL,
        "Co-executor of C. H. Kendall."

The appellant assigned many grounds of error, and among others, that " the court erred in rendering judgment for the defendant upon the evidence and pleading in the case."

*Parker & Andrews*, for appellant.

*Harcourt & Harcourt*, for appellee.

MOORE, CHIEF JUSTICE.— By consent of parties and on their motion, this case, at the last term of the court, was referred to the commissioners of appeals, and subsequently it was heard by the commissioners and an award agreed upon and prepared. But before its announcement, by consent of parties the order of reference by which the case had been referred, was, on their joint application, set aside, and by consent the case was returned by the commissioners to this court without an announcement of their award. It was subsequently submitted to this court for decision on briefs of both parties.

And an inspection of the record, and a careful consideration of the award agreed upon by the commissioners, satisfying us that the law and justice of the case have been fully reached and considered in said award, and that the determination of the case as therein awarded is in exact conformity with the judgment which should be rendered therein by this court, we deem it appropriate to adopt the report of said commissioners as the opinion of the court. And it is therefore ordered that the judgment in said case be reversed, and the cause remanded to the district court for further proceedings in accordance with the views expressed in said award.

REVERSED AND REMANDED.

[Opinion delivered March 18, 1881.]

WALKER, COMMISSIONER.— The gist of the plaintiff's action is to enforce the specific performance of an obligation to convey title to land, and in default thereof to recover back the purchase price or consideration paid by plaintiff's assignor in performance of his part of the contract. The contract being an undertaking by a co-executor, under a will conferring authority upon the defendant and another to settle the testator's estate without the action of the district court (made when the district court had exclusive probate jurisdiction), and which in terms, as is seen in the will offered and excluded as evidence, requested them to act jointly in the settlement of the same, was one which could not be specifically enforced; it was on its face the undertaking of but one of the executors, and did not affect or bind the estate. A deed from the defendant, in pursuance of the contract, would have been inoperative. Hart v. Rust, 46 Tex., 556. The trust is a personal one, to be executed by both, and neither a court of law nor a court of equity would enforce the invalid contract made by one of them.

If the defendant, under a contract made by himself, in-

valid in law, and which he did not cause to be executed, or offer to procure to be executed by the joint action of his associate executor, received from the obligee of the bond to convey the land a part of the purchase price of said land, such default would be as conclusive against him, in respect to his liability, as it would be in the instance of a total failure of title on the part of an obligor to do so, but who had no title to convey. Where there is a total failure of title on the part of the vendor, the vendee may, if the contract be executory and unfulfilled, refuse to perform it, and reclaim any portion of the purchase money which he may have advanced. Story on Sales, 176; 1 Sugd. on Vend., 241; Judson v. Wass, 11 Johns:, 528. The amounts received by the defendant on account of the contract were in evidence; the plaintiff was entitled to a judgment for the amount shown to be due, with eight per cent. interest thereon. The court may have, and doubtless did (judging from the recitals in the judgment), proceed in the rendition of judgment for the defendant upon the theory of his non-liability, individually, upon the contract, because he executed it in the qualified character of "co-executor." It is nevertheless to be observed, that the liability is not claimed by plaintiff by reason of a promise therein contained to refund the money; but because the contract does *not* obligate him, and supplies no consideration whatever for the payment by Winfrey of the purchase money, there arises the moral and legal duty to refund it. The facts are sufficiently stated as to the whole transaction, and are supported by clear proof to warrant upon the pleadings a judgment for plaintiff upon this view of the case.

It is not perceived that the exclusion of the will as evidence operated, or could have done so, to affect injuriously the plaintiff; the instrument sued on showed the essential fact that he was co-executor, and as the plaintiff did not rely upon showing that the associate executor was a party to the obligation to convey the land, perhaps the

will, if in evidence, would not have affected the question. The sworn answer of the defendant denying that the obligation sued on bound him individually, was in effect but a special traverse of the counter proposition of fact and law set up by plaintiff in the petition; and no rule of pleading required a replication to it in order to admit whatever evidence such an issue involved. It appears from a bill of exceptions that it was upon an opposite view to this proposition that the court excluded the will. If the contents of the will are essential to establish, or tend to do so, any issuable fact, it should have been admitted in evidence.

The judgment recites that a jury was waived, cause submitted to the court, which, after hearing the "pleadings and sworn plea of the defendant, and testimony in support thereof, and plaintiff having no evidence to introduce but the papers on file, and the will of C. H. Kendall, which was ruled out by the court, it is therefore considered by the court," etc. The papers on file referred to embraced receipts, orders, etc., evidencing the defendant's indebtedness; also the contract described in the petition, with the assignment to plaintiff duly acknowledged.

The statement of facts showed the introduction as evidence of said papers; no counter-proof offered tending to impair its effect. The record shows clearly that it was under an erroneous view of the law held by the court as to the effect of the evidence, and not in respect to its authenticity or weight, that induced the conclusion arrived at in rendering the judgment. The nature of the plaintiff's action entitled him to the jurisdiction of the district court; he had a right to offer to comply on his part and to accept, if tendered, a proper deed from both executors. In such case the amount of money claimed as an alternate relief would not affect the jurisdictional question.

For the reasons given in this opinion, we determine that the judgment should be reversed and the cause remanded to the district court for further proceedings.