## HUFFHINES v. BOURLAND.
### (No. 751-4346.)

(Commission of Appeals of Texas, Section A.
Feb. 17, 1926.)

**1. Appeal and error ⬗719(11)—Only portion of judgment of Court of Civil Appeals to which error is assigned considered by Supreme Court.**

Supreme Court need only decide whether judgment in Court of Civil Appeals is correct in respect to that portion to which error is assigned, in application to Supreme Court for writ of error.

**2. Appeal and error ⬗1082(2)—Prevailing party in Court of Civil Appeals entitled to have assignments of error, presented but not considered there, considered in Supreme Court.**

Prevailing party in Court of Civil Appeals is entitled to have assignments of error, presented to but not considered by that court, considered by Supreme Court in determining the correctness of the judgment.

**3. Vendor and purchaser ⬗84—Purchaser has option to purchase or to pay liquidated damages, where terms bind seller to accept such sum in satisfaction of purchaser's obligations.**

Purchaser has option either to perform obligation to purchase or to pay seller stipulated sum as liquidated damages, where intent of parties is to fix such sum as estimated amount of damages resulting, in event of purchaser's breach and terms bind seller to accept such sum in satisfaction of purchaser's obligation.

**4. Specific performance ⬗58—Seller waives remedy of specific performance where contract gives purchaser option to complete purchase or pay damages.**

Where contract gives purchaser option to complete purchase or pay stipulated sum as estimated damages, and binds seller to accept such sum in lieu of purchaser's obligation to purchase, the seller is deemed to have waived his equitable remedy of specific performance, and to have elected to rely on his legal action for damages.

**5. Specific performance ⬗58—Mere estimation of amount in contract as liquidated damages to be recovered by seller at his election does not surrender seller's remedy of specific performance.**

Where contract shows parties merely estimated and agreed upon an amount as liquidated damages to be recovered by seller at his election in case of purchaser's failure to purchase, seller's remedy of specific performance is not thereby surrendered.

**6. Specific performance ⬗58—Contract providing seller shall be paid $1,000 as agreed liquidated damages on purchaser's default bound seller to accept stipulated sum, and precluded seller from maintaining specific performance.**

Where contract provided that $1,000 in escrow by purchaser should be paid to seller as agreed liquidated damages on purchaser's failure to comply with contract, such stipulation bound both parties, and bound seller to accept such stipulated sum in lieu of his right to specific performance, and precluded seller from maintaining specific performance of contract to purchase.

**7. Damages ⬗78(6)—Contract providing sum in escrow should be paid seller as liquidated damages on purchaser's failure to purchase provided for liquidated damages and not penalty.**

Where contract provided $1,000 in escrow should be paid to seller on purchaser's failure to complete purchase, such sum was liquidated damages, as distinguished from penalty.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by C. C. Huffhines against W. S. Bourland and another. The Court of Civil Appeals, on appeal of W. S. Bourland (269 S. W. 184), reversed and rendered in part, and remanded in part, a judgment and decree for plaintiff below, and plaintiff brings error. Affirmed.

Carl Gilliland and W. H. Russell, both of Hereford, for plaintiff in error.

Bonner & Storey, of Vernon, and Turner & Dooley, of Amarillo, for defendant in error.

HARVEY, P. J. The plaintiff in error, C. C. Huffhines, brought this suit against W. S. Bourland, the defendant in error, to enforce specific performance of the following contract of sale, or, in the alternative, for recovery of the $1,000 mentioned in the contract as being held in escrow by the First State Bank & Trust Company of Hereford, Tex. The last-named company is made party defendant merely as stakeholder. The contract of sale, which was executed by said parties, reads as follows:

"This agreement, made on this 19th day of August, 1920, between C. C. Huffhines, by E. A. Johnson, his agent, first party, and W. S. Bourland, second party, witnesseth:

"In consideration of the sum of $25 per acre to be paid as herein stated first party agrees to sell and second party agrees to purchase all of sections Nos. 99 and 100 in block M-7-, Castro county, Texas. The sum of $9,000 to be paid in cash when deal is consummated; the sum of $1,000 of said cash payment is hereby made, and is deposited in escrow in the First State Bank & Trust Company of Hereford, Texas, at which place this deal is to be closed, and said $1,000 to be delivered to first party when the deal is closed, but in case first party complies with all the terms of this contract, and if second party fails or refuses to comply on his part, then said $1,000 shall be paid to first party as agreed liquidated damages. The balance of said consideration to be paid as follows: Second party to assume the now existing indebtedness against said land, amounting to about $5,900, the same to be deducted from the purchase price going to first party; and the balance due first party to be evidenced by

second party's five promissory notes of equal amounts, of even date with deed and due in 1, 2, 3, 4, and 5 years from date of deed, and all drawing 8 per cent. interest, the interest payable annually, and notes to provide for the usual maturing and attorney's fee clauses.

"First party shall furnish to second party an abstract of title showing a merchantable title in himself, clear of liens save such as assumed, and first party to pay all taxes for 1920, and second party to have said abstracts examined and report any defects in writing, and first party to have a reasonable time to cure such defects.

"This deal to be closed at any time that first party is able to give possession of said premises; but first party agrees to give second party thirty days' notice of the time in which he can deliver possession, and second party shall have thirty days from the receipt of such notice to make his arrangements for consummating this contract; and the same shall be closed by first party executing and delivering a proper warranty deed, at which time second party shall make such cash payment and execute and deliver said notes."

At the time the above contract was executed, Bourland placed the sum of $1,000 in escrow with the Bank & Trust Company, as provided in the contract, and said company still holds same. Afterward Bourland refused to conclude the purchase of the land, for the alleged reason that the title tendered by Huffhines was not a merchantable title. Upon the trial of the case the trial court rendered judgment in favor of Huffhines, decreeing specific performance by Bourland of the contract of sale. Upon appeal by the latter to the Court of Civil Appeals, that court held, in effect, that the title to the land which was tendered by Huffhines is not merchantable, and that Bourland rightfully refused to conclude the purchase under the contract, and for that reason Huffhines is not entitled to a specific performance of the contract. The latter court reversed the judgment of the trial court and rendered judgment against Huffhines in his suit for specific performance, but remanded the cause for trial of that branch of his suit which seeks recovery of the $1,000 held in escrow. 269 S. W. 184.

[1, 2] In his application to the Supreme Court for writ of error, Huffhines assigns error only to that part of the judgment of the Court of Civil Appeals which reverses and renders judgment against him on his plea for specific performance. Therefore the only question for us to decide is whether or not the judgment of the Court of Civil Appeals in that respect is correct. And in arriving at a conclusion upon that question we do not find it necessary to consider the holdings of that court or the grounds upon which it rested its decision. The defendant in error, by proper assignments of error, duly presented in that court grounds of error which were not considered by the Court of Civil Appeals. Stated generally, such grounds are to the ef-

fect that, regardless of the reasons for Bourland's refusal to consummate the purchase of the lands, or of the state of Huffhines' title to the land, the latter, under the terms of the contract, is not entitled to a specific performance thereof, for the reasons which we shall discuss. The defendant in error is entitled to have his above-mentioned assignments of error considered by the Supreme Court in determining the correctness of the judgment of the Court of Civil Appeals in the respect mentioned, since he is the prevailing party in the last-named court, and his said assignments were not passed on there. Holland v. Nimitz, 232 S. W. 298, 239 S. W. 185, 111 Tex. 419.

Upon a consideration of such assignments of defendant in error, we have reached the conclusion that, under the terms of the contract of sale in question, Huffhines is not entitled to a specific performance thereof on the part of Bourland; and that the judgment of the Court of Civil Appeals in reversing and rendering judgment on that branch of the case is correct.

[3] When the intention of the parties to a contract of sale of real estate, as manifested by the terms of the contract, is to fix by agreement a stipulated sum as the estimated amount of damages that will result to the seller in the event of a breach of the contract by the proposed purchaser, and the terms of the contract are such as to bind the seller, either expressly or impliedly, to accept such sum in satisfaction of the obligations of the proposed purchaser, the contract will be construed as giving to the latter (in case the seller fulfills his obligations under the contract) an option either to perform his obligation to purchase in accordance with the terms of the contract, or, failing in that, to stand bound to pay to the seller such stipulated sum as liquidated damages. Moss v. Wren, 113 S. W. 739, 120 S. W. 847, 102 Tex. 567; Carter v. Smith (Tex. Civ. App.) 184 S. W. 244 (writ of error refused); Simpson v. Eardley (Tex. Civ. App.) 137 S. W. 378 (writ of error refused); Oswald Realty Co. v. Broussard (Tex. Civ. App.) 159 S. W. 153 (writ of error refused); Western Union Telegraph Co. v. Southwick (Tex. Civ. App.) 214 S. W. 987; Hamburger v. Thomas, 126 S. W. 561, 103 Tex. 284; Redwine v. Hudman, 133 S. W. 426, 104 Tex. 21; 1 Pom. Eq. Jur. § 447.

[4] In such a case the seller will be held to have chosen to rely, in case of the purchaser's failure to perform his contract of purchase, upon his legal action for damages, and to have waived the equitable remedy of specific performance which he might otherwise have had but for such election.

[5] It must be borne in mind, however, that if a given contract of sale shows that the parties merely estimated and agreed upon an amount as liquidated damages to be recovered by the seller, at his election, in case of

failure of the proposed purchaser to perform the contract of purchase, the seller's remedy of specific performance is not thereby surrendered. For in such a case the seller, by agreeing to the mere estimation and liquidation of the contemplated damages, does not bind himself to pursue the remedy afforded by a legal action for the recovery of the damages thus liquidated. He does not bind himself to accept such liquidated damages in lieu of performance by the proposed purchaser of the contract of sale. His right of election of remedies remains.

[6, 7] In this case the contract stipulated, in reference to the $1,000 placed in escrow by Bourland, that "in case first party (Huffhines) complies with all the terms of this contract and if second party (Bourland) fails or refuses to comply on his part, then said $1,000 shall be paid to first party as agreed liquidated damages." This stipulation is more than a mere fixing of the amount of damages which the parties contemplated would result to Huffhines from the failure of Bourland to complete the purchase. It goes further, and stipulates that, upon the contingency named in the contract, said sum "shall be paid" to Huffhines. Both parties are bound by such stipulation. Huffhines, by stipulating that such sum was to be paid to him as agreed liquidated damages upon the happening of the contingency named, impliedly bound himself to accept such sum in satisfaction of Bourland's obligations under the contract. There can be no doubt, in view of the authorities, that the sum thus agreed upon as the amount to be paid to Huffhines in case of Bourland's failure to complete the purchase of the land is to be regarded in law as liquidated damages, as distinguished from a mere penalty to secure performance by Bourland of a contract of purchase. Durst v. Swift, 11 Tex. 282; Yetter v. Hudson, 57 Tex. 612; Eakin v. Scott, 7 S. W. 777, 70 Tex. 444, and authorities cited above.

A stipulation contained in a contract of sale executed by two parties to the effect that a sum of money, which is placed in escrow by the proposed purchaser and which in law is regarded as liquidated damages, shall be paid to the seller in case the latter fulfills his obligations and the purchaser fails to perform his obligation to purchase, carries with it the necessary implication that the seller binds himself, by the stipulation, to accept such sum as compensation for his loss resulting from the happening of the contingency named. He is, by his own act, bound to his legal remedy for damages. Having thus bound himself to accept the sum for such damages as may be suffered by reason of nonperformance of the contract on the part of. the purchaser, the seller cannot sue the proposed purchaser for specific performance of the contract. Moss v. Wren, supra.

For the reasons discussed, we recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and rendering in part and remanding in part, as shown in such judgment, be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.