## McCELVY v. BELL et al. (No. 3027.)

Court of Civil Appeals of Texas. Amarillo. May 9, 1928.

**1. Damages ⬥85—Liquidated damages held recoverable on lessee's breach of contract without demand for payment and refusal.**

Where lease contract gave lessors right to liquidated damages in case of breach, lessors' right of action to recover liquidated damages became fixed on lessee's breach of the lease contract without necessity of a previous demand, and allegation that plaintiffs demanded liquidated damages or that defendant failed to pay them was unnecessary.

**2. Landlord and tenant ⬥208(1)—Lessee, assigning lease, held liable to lessors for balance of rent which assignees abandoning property, failed to pay.**

Lessee, who took premises under written lease, and later assigned lease to other persons, who abandoned premises, remained liable to lessors for balance of rent, which assignees, abandoning premises, failed to pay.

**3. Damages ⬥85—Provision in lease contract for stipulated damages held not to require lessors' acceptance thereof, in satisfaction or in lieu of unpaid rent.**

Provision in lease contract for payment of liquidated damages did not require lessors, on breach of the contract, to accept the stipulated amount in satisfaction, but permitted them to exercise their option and resort to any other remedy available under the contract, and made lessee liable for damages stipulated.

**4. Damages ⬥85—Lessors, suing for breach of contract, were entitled to seek recovery for rent for balance of term, and, in alternative, for liquidated damages, but could not recover both.**

Lessors, suing for damages for breach of contract for an amount equal to the unpaid rent for the remainder of the term less credits, and in the alternative for liquidated damages, were not entitled to recover on both causes of action, but could plead both so as to anticipate every possible phase of the evidence.

**5. Damages ⬥85—Court's allowance to lessors of rent to time of abandonment of premises by lessee's assignees, plus liquidated damages, held error.**

In action by lessors for damages for breach of contract in which lessors sought amount equal to unpaid rent for remainder of term, less credits, and in the alternative sued for

liquidated damages, action of court in allowing plaintiffs to recover rent at contract price up to time of abandonment of premises by lessee's assignees, and further sum represented by stipulated damages, *held* error.

**6. Damages ☞79(5), 80(3)—Stipulation in lease contract for payment of $500 as liquidated damages held provision for penalty; actual damages not being uncertain, and amount stipulated being disproportionate.**

Provision in lease contract for payment of $500 as liquidated damages *held* stipulation for penalty in lessors' action for failure to pay rent, since there was no uncertainty in measure of lessors' damages, and stipulated sum would be wholly inadequate in case of abandonment of premises soon after possession was taken, and excessive in-case of abandonment shortly before expiration of term.

**7. Damages ☞80(1)—Stipulated damages must not be inadequate or unreasonable.**

Stipulations for liquidated damages must neither be inadequate nor unreasonable.

**8. Appeal and error ☞197(4)—Landlord and tenant ☞230(9)—Evidence of lessee's assignment of lease held admissible, in action for rent, where answer alleged assignment instead of subletting pleaded in petition, and objection on appeal on ground of variance came too late.**

Where petition, in lessors' action for rent, alleged that lessee had sublet premises, and answer alleged that he had assigned his lease to his codefendants, evidence of assignment was admissible under pleadings, and objection thereto on ground of variance asserted for first time on appeal came too late.

**9. Landlord and tenant ☞208(1)—Lessee, assigning lease, became surety for his assignees as regards liability for rent.**

Lessee, who assigned lease, became surety for his assignees, and lessors were entitled to recover against original lease and assignees full amount of unpaid rent for entire term, less admitted credits.

Appeal from District Court, Lamb County; Chas. Clements, Judge.

Suit by A. F. Bell and another against G. E. McCelvy, Jr., and others. Judgment for plaintiffs, and defendant named appeals. Reversed and remanded.

John L. Ratliff and Burton S. Burkes, both of Lubbock, for appellant.

E. A. Bills, of Littlefield, for appellees.

HALL, C. J. The appellees A. F. and L. F. Bell filed this suit in the district court of Lamb county against the appellant, G. E. McCelvy, Jr., as original lessee, and against H. L. Rice, S. B. Claunch, and W. A. Claunch, as subtenants, to recover a sum of money alleged to be due under a lease of a filling station situated in Littlefield.

It is alleged that McCelvy took charge of the premises under the written lease, and later sublet and made an underlease of the premises to the other defendants, who assumed the payment of all rents, whereby all the defendants promised and became liable for said rents; that on or about May 1, 1926, the defendants abandoned the premises, and by reason thereof are indebted for the balance of the rent not paid, amounting to $2,500, less $950, which is admitted as a proper set-off, being the rents received by the landlord from other tenants after the alleged abandonment.

The petition alleges that the lease provides for $500 as liquidated damages, and, in the alternative, sues for the recovery of that amount.

The defendant Rice answered by general demurrer and general denial, and made no further appearance. The defendants S. B. and W. A. Claunch defaulted.

The defendant McCelvy answered, and contested the right of plaintiffs to recover against him. His answer consists of a general demurrer, several special exceptions, a general denial, and specially alleges that McCelvy did not sublease the premises in question, but made an assignment thereof to his codefendants. The two stipulations in the lease material to the contentions to be considered provide as follows: (a) That the lessee (McCelvy) should have the right to subrent or assign the premises of said lease in whole or in part, at any time; and (b) in the event McCelvy should abandon this lease before the expiration of the term, the lessee, "or his assigns, shall become indebted to the lessors in the sum of $500, as liquidated damages."

The case was tried to a jury, and the court directed a verdict in favor of the appellees against all of the defendants in the sum of $750, and in favor of McCelvy against his codefendants for whatever amount he should have to pay the plaintiff, and judgment was rendered accordingly.

[1, 2] The first contention is that, because the plaintiffs' petition fails to allege that there has been a breach of the contract by refusal to pay the liquidated damages, and does not allege that demand was ever made therefor, it is therefore fundamentally defective.

This contention is without merit. The plaintiffs allege that the defendants failed and refused to pay the rents, and breached the contract by abandoning the premises, and that, by reason of such failure to pay, and their abandonment of the premises, they became indebted to plaintiffs in the sum stipulated as liquidated damages.

It is true that there is no allegation that plaintiffs had demanded the liquidated damages or that defendants had failed to pay said sum, but these allegations are unnecessary. Having alleged a breach of the lease contract, plaintiffs' right of action to recover

the liquidated damages, if he elected to sue for said sum instead of the unpaid rent, became absolute. The rule is that no previous demand is necessary when the obligation to pay becomes complete. Ballew v. Casey, 60 Tex. 573; Green v. Scales (Tex. Civ. App.) 219 S. W. 274. But this contention becomes immaterial, because appellees, under their pleadings, had the right to recover of the defendants the balance of unpaid rent, less the admitted credit of $950. Ogus, Rabinovich & Ogus Co. v. Foley Bros. D. G. Co. (Tex. Com. App.) 252 S. W. 1048, and authorities cited.

[3] As stated above, the plaintiffs sought to recover, as damages for breach of the contract, the total amount of rent due for the remainder of the term, less the credit of $950, for which the premises had been leased since the defendants had abandoned the place. If the provision for the payment of $500 can be denominated a stipulation for liquidated damages, nevertheless, in our opinion, the contract did not require the plaintiffs to accept the $500 in satisfaction, in the event of a breach, but they could exercise their option and resort to any other remedy available under the contract. The contract did not, in express terms or by necessary implication, bind the plaintiffs to accept the $500 in the event of a breach, but merely provided that, if McCelvy abandoned the lease, before the expiration of the term, he or his assigns should become indebted to the lessors in said sum. Huffhines v. Bourland (Tex. Com. App.) 280 S. W. 561; Id. (Tex. Civ. App.) 269 S. W. 184.

The plaintiffs prayed for judgment for the $500 as liquidated damages only in the alternative. On the day of the trial, the defendants filed and urged what is denominated a special exception to that part of the plaintiffs' petition wherein they seek to recover the balance due for the unexpired term of the lease. This exception is, in effect, a general demurrer to that part of the petition. The court sustained the demurrer, and, in doing so, committed reversible error. Since it is fundamental, we will, on that account, be required to remand the cause for another trial.

[4] The plaintiffs having sued for damages for the breach of their contract in an amount equal to the unpaid rent for the remainder of the term, less the credit for all amounts received from other tenants during that period, and having, in the alternative, sued for the $500, they were not entitled to recover upon both causes of action. The suit for damages was inconsistent with their remedy based upon the provision for a penalty or liquidated damages. Arky v. Floyd, 104 Miss. 364, 61 So. 545.

It was proper for them to so plead as to anticipate every possible phase of the evidence. Tex. Brewing Co. v. Walters (Tex. Civ. App.) 43 S. W. 548; International & G. N.

Ry. Co. v. Reek (Tex. Civ. App.) 179 S. W. 699; Compton v. Ashley (Tex. Civ. App.) 28 S. W. 223.

[5] The court filed findings of fact and conclusions of law, from which it appears that a verdict was directed upon the theory that plaintiffs were entitled to recover (1) $250 for two months' rent at the contract price, which was due and unpaid at the time of the abandonment of the premises; and (2) the further sum of $500 as liquidated damages.

Since plaintiffs could not recover upon both causes of action, the court was not authorized to direct a verdict in plaintiffs' favor for part of the rent, and, at the same time, for the $500 as liquidated damages. This is also fundamental error, and requires a reversal of the judgment.

[6, 7] Since the case must be tried again, it is proper for us to say that from the record now before us and the contract, as it relates to the stipulation for the payment of $500, we are of the opinion that the provision is one for a penalty rather than for liquidated damages. There is no uncertainty in either the measure of plaintiffs' damages, if they are entitled to recover at all, or in the amount of their recovery. Farrar v. Beeman, 63 Tex. 175; Wright v. Bott (Tex. Civ. App.) 163 S. W. 360. Under that provision of the contract, if the premises should be abandoned soon after possession of the premises was taken, the $500 as damages would be wholly inadequate compensation for the breach. On the other hand, if abandonment should occur only a few days before the expiration of the term, said sum would be excessive and unreasonable.

A stipulation for liquidated damages must neither be inadequate nor unreasonable. 17 C. J. 943, 945, 947, §§ 238 and 240.

[8] Plaintiffs alleged the facts which constituted their cause of action against all of the defendants, but stated, as a conclusion of law, that McCelvy had sublet the premises to his codefendants. McCelvy, however, alleged that he had assigned his lease to his codefendants. The proof showed an assignment instead of a subletting of the property, and the evidence was admissible under this state of the pleadings, and was admitted without any objection upon the ground of variance. That objection comes too late in this court.

[9] There is nothing in the record before us which shows any intention upon the part of plaintiffs and McCelvy that he should be released from his obligation to pay rent nor are there any facts showing that plaintiffs have waived their right to recover against him, as assignor of the lease and surety for his assignees. By the assignment of his lease, he became a surety for his codefendants, and, upon proof of these facts, plaintiffs were entitled to recover against all of the defendants the full amount of unpaid rent for the entire term, less the amount admitted as a credit.

What we have said renders it unnecessary to discuss the other propositions.

For the reasons stated, the judgment is reversed, and the cause is remanded.