## HALL v. PHILLIPS et al. (No. 3295.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 23, 1929.

Rehearing Denied Nov. 20, 1929.

Fred E. Young and Cooper & Lumpkin, all of Amarillo, and W. M. Harris, of Dallas, for plaintiff in error.

Wm. F. Nix, of Amarillo, for defendants in error.

HALL, C. J. The appellee, Mrs. Phillips, joined by her husband, sued the appellant, joining as defendants A. W. Little, and his wife, Mrs. E. L. Little, to rescind a contract of sale of a certain town lot in Gables addition to the city of Amarillo, and to recover payments theretofore made under the contract, and further prayed for foreclosure of an equitable lien upon the lot securing the payment of the judgment. The case was tried to the court without a jury, and resulted in a judgment dismissing Little and wife without prejudice, and that appellees recover of Mrs. Hall the sum of $210.40, with interest and costs, and a foreclosure of the equitable lien upon the property described in the petition, being lot 4 in block 9 in said Gables addition.

The case is before us without a statement of facts or findings of fact by the court.

The written contract upon which the suit is founded was made an exhibit to the petition, and is signed by Paul Clark, who originally owned the Gables addition, and by Mrs. Phillips, and binds Mrs. Phillips to pay $770 for the lot, $50 of said amount in cash, and the remainder in monthly installments of $15 each, with 8 per cent. interest per annum. It further provides that, upon payment of 50 per cent. of the purchase price and interest, the seller will execute and deliver to the purchaser a general warranty deed, reserving a vendor's lien to secure the unpaid purchase price, and will furnish a complete abstract showing a good title to said property free and clear of all incumbrances, except taxes and special assessments thereafter levied, and provides that "all money paid on this contract to be refunded if title is not good and merchantable."

The contract further binds the seller and his assigns to begin the installation of public improvements to consist of water, gas, lights, telephones, and graveled streets within six months from July 1, 1926. It contains other covenants and stipulations not necessary to be stated.

The case is before us upon four propositions. By the first it is insisted that the petition of plaintiff is subject to a general demurrer and insufficient to support the judgment. By the second it is insisted that, because the plaintiff attached the written contract to the petition, and because such contract shows that plaintiff was in default in the payments at the time of the institution of the suit, it was fundamental error for the court to render judgment against Mrs. Hall. By the third proposition it is insisted that, under the terms of the contract, the failure of the seller to make the improvements specified therein is no ground for a rescission of the contract which gave the seller six months after the purchaser had paid 50 per cent. of the purchase price to begin the installation of such improvements. The fourth proposition is practically identical with the first.

As we understand the record, the sole question for our consideration is: Is the plaintiff's petition good as against a general demurrer?

When reduced to its final analysis, the petition discloses that Mrs. Phillips and her husband have instituted this suit to rescind a contract of sale which was induced by fraud-

ulent representations, and they pray that they have judgment for the sums of money which they have paid under the terms of the contract. They allege that Mrs. Hall purchased the property from the original vendor Clark, and succeeded to his rights as vendor, with full knowledge of all the facts and circumstances surrounding the sale, and assumed and became liable for the performance of the obligations which the contract imposed upon Clark, and that she ratified the same by accepting payments of certain installments, and is therefore estopped to deny her liability. The petition is unusually long, but in our opinion is not unnecessarily prolix, and we think the allegations are sufficient to charge fraud and deceit in matters of inducement and entitle the appellee 'to recover, as is shown by the following excerpts from the pleading:

"That on or about the 29th day of July, 1926, Paul Clark, his agents and employees, approached the plaintiff and then and there represented to the plaintiff that he, the said Paul Clark, owned in fee simple the above described lands; that there were no liens nor encumbrances thereupon; that he had good right and good title in and to said property and full authority to convey to plaintiff said lands free and clear of all encumbrances of whatsoever character, all of which representations and statements the plaintiff fully believed and relied upon and had plaintiff not so believed and fully relied upon would not have contracted for said property, as hereinafter set out, all of which statements and representations were wholly untrue and known by the said Paul Clark to be untrue at the time they were made. * * *

"That after the conveyance of said lands to the defendant Kathaleen F. Hall by the said Paul Clark, the said Kathaleen F. Hall continued to accept the payments of this plaintiff under the contract entered into between the said Catherine F. Phillips and the said Paul Clark and repeatedly promised and agreed to carry out all of the terms of said contract, and at the time of said purchase from the said Paul Clark, by the defendant Kathaleen F. Hall, she had actual notice of the contract between Paul Clark and plaintiff Catherine F. Phillips, and a schedule showing the names of persons who had purchased lots and parcels of said lands was delivered to defendant Kathaleen F. Hall and upon said schedule this plaintiff's name did appear and the said Kathaleen F. Hall at the time of said purchase was fully aware of all of the transactions herein mentioned between plaintiff and the said Paul Clark, and defendant is here given notice to produce upon the trial hereof said schedule containing the name of this plaintiff delivered to her at the time of her purchase from the said Paul Clark, or secondary evidence will be used to establish its contents and substance."

"Plaintiff further represents that the de-fendant Kathaleen F. Hall and Paul Clark never in good faith commenced the installation of public improvements nor the installation of lights, water, gas or telephones in said addition, and that the said Paul Clark did not, at the time he entered into the contract above mentioned with this plaintiff, intend to install said improvements, nor did he intend to gravel the streets of said addition at the time he entered into said contract, and the defendant Kathaleen F. Hall at the time she purchased said lands knew that the said Paul Clark had not completed the public improvements thereon, and at the time she accepted plaintiff's money on said lot as hereinafter mentioned she was well aware and fully apprised of the fact that said improvements had not been made, and she did not then nor does she now intend to carry out the terms of said contract with this plaintiff, and did not and has not within a reasonable time made such public improvements and has abandoned said addition in so far as carrying out the terms of said contract with reference to said improvements, and has abandoned such improvements and specifically stated and published her intent to violate said contract with reference to and concerning the installation and construction of such improvements. That plaintiff at the time she entered into said contract believed and relied upon the representations of the said Paul Clark concerning the construction of said improvements, and would not have entered into said contract had she not believed and relied upon such representations, and would not thereafter have continued her payments to the said Kathaleen F. Hall, as hereinafter stated, all of which facts were well known to the said Kathaleen F. Hall at the time she purchased said lots from the said Paul Clark and at the time she received this plaintiff's payments. * * *

"Plaintiff would further represent that the conduct, representations and misstatements wilfully made by the said Paul Clark, constituted a fraud upon this plaintiff and that thereafter and after the purchase by defendant Kathaleen F. Hall from the said Paul Clark and the assignment made to defendant by the said Paul Clark and after the defendant was fully advised of the default of the said Paul Clark that she then continued to deceive this plaintiff, accepting plaintiff's payments, knowing them to be made by plaintiff under the belief that said improvements would be made and that said title was clear and merchantable, and that the defendant was empowered to convey said property to plaintiff free and clear of all encumbrances, and that defendant was the owner in fee simple of said lands, and that defendant would continue and in all things perform said contract according to its face, tenor and effect, and by reason of said acts and conduct of said Paul Clark and said Kathaleen F. Hall, as above mentioned, she, the said Kathaleen F. Hall, perpetrated upon and against

this plaintiff an active fraud and but for said wilfull misconduct and deceiving attitude of the said defendant, as above mentioned, plaintiff would not have entered into said contract, nor would she have continued her payments thereon.

"Plaintiff further represents that prior to the fourth day of April, 1927, the said Kathaleen F. Hall had advised this plaintiff by letter that the First National Bank of Amarillo, Texas, would look after her wants with reference to said property, and that she should make her payments to said bank upon said contract; that on the first day of May, 1927, plaintiff approached the said First National Bank and tendered her payment then due upon her said contract; that she was at said time not in any particular in arrears upon said contract, and that an agent and representative of the defendant at said First National Bank then stated to this plaintiff that defendant would not make further improvements upon said lands, nor carry out the conditions of the contract between this plaintiff and defendant, and that plaintiff since said date has refused to make further payments upon said lots until the defendant could carry out her agreements with reference to title and the improvements to be placed thereon; that defendant steadfastly refused and still refuses to make said improvements and has published her intention never to make said improvements, and that plaintiff on or about the 10th day of March, 1927, after defendant made known her intention to violate said contract, declared the same at an end and demanded of the said defendant the return of her money paid thereon, all of which defendant has since said date steadfastly refused to return. * * *

"That by reason of the said indebtedness in the sum of $40,000.00, secured by lien upon said land, defendant was not the fee simple owner thereof and could not at any time prior to or upon the said 10th day of March, 1928, make title to said property, as provided in her contract; that she had failed and refused and still fails and refuses to install public improvements as provided in said contract; that water mains partially laid in said addition are defective and of such poor workmanship as to be refused by the City of Amarillo, and no water can be obtained therefrom; that their defective manner of construction make them unserviceable in any particular for the uses and purposes of a water system; that no streets have been gravelled in a reasonable or workmanlike manner; that there are no gravelled streets and no gravelled streets have been constructed in this addition upon the date of the filing of this petition, and that such gravel as was placed in said addition and upon the streets thereof was not done in the manner nor to the degree to constitute or amount to graveling of the streets of said addition, but was and is a subterfuge and a fraud upon this plaintiff and intended only by defendant to undertake to evade and avoid the terms of her contract."

■ It cannot be reasonably insisted that these allegations are insufficient to show fraud in matters of inducement, and, in the absence of a statement of facts or findings of fact, we must presume in support of the judgment that the evidence sustained the allegations. It was decided in an early day in Texas, in the case of Stewart v. Insall, 9 Tex. 397, that, where there was fraud and misrepresentations as to the title in the sale of land, the vendee is not obliged to wait until he has been evicted or disturbed by a paramount title, but may sue at once, and either stand upon the contract and recover damages, or, in the alternative, rescind the contract and recover the sums paid. This rule has been declared in numerous cases since. Johnston v. Powell, 34 Tex. 528; House v. Kendall, 55 Tex. 40; Groesbeck v. Harris, 82 Tex. 411, 19 S. W. 850; McGhee v. Romatka, 19 Tex. Civ. App. 397, 47 S. W. 291; Raywood Canal & Milling Co. v. Sharp (Tex. Civ. App.) 175 S. W. 499.

Appellees allege that, at the time the fraudulent representations were made concerning the condition of the title, there was an outstanding indebtedness of $40,000 due J. C. Paul, of which defendants in error had no notice. Upon this ground alone they would be entitled to recover. We think the allegations with reference to making the improvements and providing light, water, gas, etc., if fraudulently made with no intention of complying with these obligations of the contract, would also be grounds for rescission. In addition to these, the facts alleged in the excerpts quoted above, if established by the proof, would entitle defendants in error to rescind on the ground of a breach of the contract. The covenants contained therein were dependent and the circumstances of a perfect title was a condition precedent to the right of Mrs. Hall or her assignor Clark to recover anything.

Plaintiffs in error rely principally upon the case of Sunylan Co. et al. v. Powers (Tex. Civ. App.) 14 S.W.(2d) 894, which would limit the right of defendants in error to recover damages only. The Supreme Court granted the writ of error applied for in that case, and in doing so approved the following proposition urged by the appellant:

"In an executory contract, breach of dependent covenants which go to the root of the contract and defeat its object and aim, is ground for a rescission at the election of the injured party." Mason v. Peterson (Tex. Com. App.) 250 S. W. 142; Davis v. Fant (Tex. Civ. App.) 93 S. W. 193; Bourland v. Huffhines (Tex. Civ. App.) 269 S. W. 184, Id. (Com. App.) 280 S. W. 561; Harris County Investment Co. v. Davis (Tex. Civ. App.) 230 S. W. 761.

■ Where the title is defective, the vendee, upon discovery of that fact, and the failure of the vendor to make title, may sue at once to rescind, and there is no merit in the contention made by plaintiff in error that such

action could not be instituted until after 50 per cent. of the purchase price had been paid. A party cannot, by a contract, limit the right of the other party to sue for fraud, upon discovery thereof. We think the petition entitled the defendants in error to the remedy of cancellation and rescission upon more than one ground, and that a proper judgment has been entered. It is therefore affirmed.

### On Motion for Rehearing.

The principal contentions in the motion are that, because Mrs. Phillips was in default in her payments, as provided in the contract made with Clark, which contract was made an exhibit to her petition, she was not entitled to maintain this action, because the contract bound her to pay 50 per cent. before she was entitled to an abstract of title; also that the failure of Clark and Mrs. Hall to make the improvements provided for in the contract of sale was no ground for rescission; and it is further contended that the judgment should not have been affirmed because it permitted a recovery against plaintiff in error of money which defendants in error had paid to Paul Clark, who originally owned the property. This contention was not urged in the original briefs.

As stated in the original opinion, this is a suit to rescind the contract of sale, to recover payments made under the contract, and for foreclosure of an equitable lien upon the lot described in the contract of sale. The amended pleading upon which Mrs. Phillips went to trial declares upon the contract which she made with Paul Clark, the original owner, and the contract itself is made an exhibit to the pleadings. It is then alleged that the lands of which the lot in question is a part were conveyed to Mrs. Hall by Clark, after which Mrs. Hall continued to accept payments on the lot, and repeatedly promised and agreed to carry out all the terms of the contract of sale executed by Clark. Clark's contract provides: "All money paid on this contract to be refunded if title is not good and merchantable."

In her amended petition Mrs. Phillips alleges that, at the time of her purchase, Clark fraudulently represented that his title to the property was good and merchantable, and she further alleges that at the time of the sale there was an indebtedness of $40,000 existing against the property, which has never been discharged, and in support of the judgment we must presume, in the absence of a statement of facts, that this indebtedness still exists. We must further presume in support of the judgment that Mrs. Hall, as alleged, agreed to carry out all the terms of Clark's contract, which provides, as above stated, for refunding all payments if the title is not good and merchantable.

Further allegation is made with reference to the failure of Mrs. Hall to install and construct the improvements provided for in the contract, such as water, gas, lights, telephones, and gravelled streets. Mrs. Phillips alleges that, when she made her last payment to Mrs. Hall's agent, the bank in Amarillo, she was informed by such agent that Mrs. Hall had declared that she would not complete the improvements for the Gables addition provided for in the contract. We must presume that the truth of this allegation was established, and it is conceded that these improvements have never been provided.

While it may be true that Mrs. Hall would not be held liable for payments made to Clark prior to the time she acquired the property, under the allegation that she repeatedly promised and agreed to carry out all the terms of the contract, she would become liable if the allegation is established by proof, and, in support of the judgment, we must presume, as stated, that this fact was proven. 3 Tex. Jurisp. 1069, § 753, and authorities cited.

The motion is therefore overruled.